**Antoine J. MAYFIELD, Jr., Plaintiff-Appellant,**

v.

**Walter E. CRAVEN, Warden, et al., Defendants-Appellees.**

**No. 24397.**

United States Court of Appeals, Ninth Circuit.

Oct. 29, 1970.

Antoine J. Mayfield, Jr., in pro. per.

Thomas C. Lynch, Atty. Gen., Edsel W. Haws, and Daniel J. Kremer, Deputy Attys. Gen., Sacramento, Cal., for defendants-appellees.

Before BARNES, BROWNING, and DUNIWAY, Circuit Judges.

PER CURIAM:

Appellant filed suit in district court for damages under the Civil Rights Act, alleging that he had been subjected to cruel and unusual punishment by the failure of prison medical authorities to

afford proper medical treatment. Relying on Stiltner v. Rhay, 371 F.2d 420 (9th Cir. 1967), the district court dismissed the complaint for failure to state a claim for which relief could be granted.

Appellant suffered serious facial bone fractures while playing basketball in the Folsom prison yard. The complaint disclosed that appellant was immediately admitted to the prison hospital and received diagnosis and treatment by prison medical authorities. This treatment included consulation with an outside specialist who eventually performed surgery on appellant eleven days after the injury occurred.

The complaint alleged that prison medical authorities were negligent in not performing the operation sooner, and that this delay prevented the surgery from being completely successful, with resulting permanent disfigurement.

While it is clear that a refusal to permit medical treatment may, in certain circumstances, be actionable under the Civil Rights Act, Riley v. Rhay, 407 F.2d 496 (9th Cir. 1969), a difference of opinion between. a prisoner patient and prison medical authorities as to what treatment is proper and necessary does not give rise to a claim under the Act. Stiltner v. Rhay, *supra*, 371 F.2d at 421 n.3.

The complaint does not allege that prison medical authorities refused appellant the treatment he needed. On the contrary, appellant admits that those authorities called in an outside specialist for treatment apparently not available from the prison medical staff. If, as appellant alleges, there was a negligent delay in recognizing the need for and calling in the specialist, that fact would not be so shocking to the conscience as to require a finding that appellant has been subjected to cruel and unusual punishment. Church v. Hegstrom, 416 F.2d 449, 451 (2d Cir. 1969); *cf.* Williams v. Field, 416 F.2d 483 (9th Cir. 1969).

The judgment of the district court is affirmed.