736 P.2d 1198

**Rexford GUNTER, Plaintiff-Appellant,**

v.

**STATE of Arizona; Department of Corrections, a division thereof; James Ricketts, Director of the DOC; Sam Lewis, Director of the DOC; John Doe I through V, Defendants-Appellees.**

**No. 1 CA–CIV 8900.**

Court of Appeals of Arizona,
Division 1, Department D.

May 5, 1987.

Rexford Gunter, in pro. per.

Jones, Skelton & Hochuli by Edward G. Hochuli, William J. Schrank, Phoenix, for defendants-appellees.

## OPINION

KLEINSCHMIDT, Judge.

The appellant, Rexford Gunter, is a prisoner in the custody of the department of corrections. For more than three years, he has suffered from a skin rash. He filed a civil action against the state alleging that it had deliberately or negligently failed to provide him with proper medical treatment. The trial court granted summary judgment in favor of the state. We reverse and remand for trial because Gunter presented a question of disputed fact as to whether the prison authorities refused to give him medication that the doctor had prescribed for him.

While a prisoner in eary 1983, Gunter began to develop a rash. He was seen by at least three—and perhaps as many as five—doctors, who made several diagnoses and prescribed various treatments. The last doctor to treat the condition, Patricia Stapler, M.D., diagnosed the rash as chronic eczema.

In the spring of 1985, Gunter, unhappy with the situation, began to keep a diary of his condition and of the treatment he was receiving. At about the same time, he filed suit against the state and the department of corrections claiming that the state's in-

action violated his civil rights, entitling him to damages under 42 U.S.C.A. § 1983; breached a statutory duty to provide medical care; constituted cruel and unusual punishment in violation of the eighth amendment to the United States Constitution; and constituted negligence.

The state filed a motion for summary judgment supported by Dr. Stapler's affidavit. The affidavit stated:

I am Patricia Stapler, M.D. and I have personal knowledge of the foregoing facts:

1. I am a physician duly licensed to practice medicine within the State of Arizona and I am employed by the Arizona Department of Corrections at the Arizona State Prison Health Unit in Florence, Arizona.

2. Based on my extensive experience in the specialty field of family practice, I am aware of the standard of care applicable to a medical staff's care and treatment of a patient with a chronic, eczematous, pruritic rash.

3. I have reviewed the prison records relating to the medical care and treatment of inmate Rexford Gunter. Based on my review of these records and my extensive experience with the care and treatment of patients with generalized dermatologic disorders, I am of the professional opinion to a reasonable degree of medical certainty that the prison's medical staff care and treatment of Rexford Gunter was in keeping with or higher than the standard of care employed by the medical community at large.

4. After the review of all medical records relating to inmate Rexford Gunter, I am of the opinion that everything reasonable has been undertaken with regard to the Plaintiff's treatment by the prison's medical staff.

In response to the motion, Gunter filed his own affidavit and a copy of the diary he had been keeping. While the affidavit is inartful in that it does not specifically incorporate the diary by reference, it is apparent that the court and the state interpreted the affidavit to incorporate the diary. We therefore compare the diary against Dr. Stapler's affidavit to see if there are any material disputed facts at issue.

The diary contains much that is hearsay and much that is irrelevant. Much of it details complaints about the appellant's treatment, such as references to a failure to call in a specialist or to the inefficacy or danger of a prescribed course of treatment. Dr. Stapler's affidavit refutes these complaints. The appellant does, however, describe a number of incidents where the prison pharmacy sent him less medication, or a weaker strength of medication, than that which had been prescribed. There is nothing in Dr. Stapler's affidavit or in the record to suggest that Dr. Stapler knew anything about the relevant portions of the diary. If, indeed, she was unaware that prescribed medication was not reaching the appellant, then her affidavit does not specifically meet his contention. At one point in the state's brief, without reference to the record, the statement is made that Dr. Stapler considered the diary. In the face of the appellant's direct and particular claim that prescribed medications were not given to him, we are unwilling to indulge so broad a reading of so conclusory an affidavit.

Deliberate indifference to a prisoner's serious medical needs may constitute the unnecessary and wanton infliction of pain that the eighth amendment proscribes. This gives rise to a cause of action under 42 U.S.C.A. § 1983. *Estelle v. Gamble,* 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251, 260 (1976). Interference with a prescribed treatment may rise to such a constitutional violation. *Id.; Dean v. Coughlin,* 623 F.Supp. 392 (D.C.N.Y. 1985). Thus, the appellant has stated a claim that, if proven, might entitle him to relief under 42 U.S.C.A. § 1983. Even if the failure to provide the prescribed medication was not significant enough to constitute deliberate indifference—either in terms of frequency of occurrence or in deviation from the prescription—the appellant has made out a claim for negligence and sufficiently supported it to survive the motion for summary judgment presented

here. *See Harris County v. Jenkins*, 678 S.W.2d 639 (Tex.App.1984); *Brown v. State*, 354 So.2d 633 (La.App.1977). *See also* A.R.S. § 31–201.01 which requires that prisoners be provided medical care. Of course, it is conceivable that it could be shown that the failure to provide prescribed medication did not cause any damage at all to the appellant. There is nothing in this record to suggest that this was the case. The fact that the medicine was prescribed is *prima facie* evidence that it was needed.

On the record as it now stands, appellant's failure to present expert medical evidence is fatal to many of his claims. We reject the appellant's argument that he should be excused from producing expert testimony regarding his care because the evidence of that care is in the state's control. We do not understand the appellant to argue that he does not have access to his medical records; rather he contends that since the doctors familiar with his condition all work for the state, they cannot be expected to take a position that would assist his case. The appellant is in a position in which many litigants find themselves—needing evidence from the employees of an adversary. While the appellant does not have the ready access to independent professional help that a free person would, he has every right to communicate with attorneys and physicians who might be of assistance to his cause. Experience suggests that prisoners with meritorious claims have been able to find legal and other professional assistance. We cannot relieve the appellant from the requirement of presenting expert testimony to prove facts that are not within the expertise and knowledge of lay persons.

We reject the appellant's argument that the Stapler affidavit does not address his contention (aside from the failure to provide the prescribed medication) that treatment was delayed and denied. Inherent in the affidavit is Dr. Stapler's professional judgment that whatever other delay or denial of treatment occurred was within the standard of proper medical care.

The judgment of the trial court is affirmed as to everything but the claim that the state failed to provide the appellant the prescribed medication and the causes of action supported by that claim. This case is remanded to the trial court for further proceedings.

BROOKS and JACOBSON, JJ., concur.