764 P.2d 772

**Perl A. ZUCK, Plaintiff–Appellant,**

**v.**

**STATE of Arizona; Department of Corrections, a division thereof; Ellis Mac-Dougall, former Director·of the DOC, Defendants–Appellees.**

**No. 1 CA–CV 88–039.**

Court of Appeals of Arizona, Division 1, Department B.

Nov. 15, 1988.

38

Perl A. Zuck, Tucson, in pro. per.

Robert K. Corbin, Atty. Gen. by John E. Birkemeier, Asst. Atty. Gen., Phoenix, for defendants-appellees.

OPINION

JACOBSON, Judge.

Appellant Perl A. Zuck (plaintiff) appeals from the trial court's order granting appellees' (defendants') motion for summary judgment. The main issue on appeal is whether the trial court correctly interpreted the amendment of the statute changing the effect of imprisonment as a disability, A.R.S. § 12–502(B), in applying the statute of limitations to bar plaintiff's claims that he was denied prompt medical care and treatment while an inmate with the Arizona Department of Corrections. Because we hold that the trial court incorrectly interpreted the applicable statute of limitations and because the motion is not supportable on other grounds, we reverse the granting of summary judgment.

*Factual Background*

In February 1986 plaintiff filed a complaint alleging that in July 1981, while he was an inmate at Arizona State Prison, he was diagnosed as having an abscess or infection in his left testicle, and was prescribed antibiotics by prison medical personnel, who also recommended a urological consultation. He complained that prison officials failed to provide him with the pre-

scribed drugs for more than six weeks, and that he experienced repeated difficulty in receiving refills of prescribed medication. He also complained that prison officials delayed his consultation with a specialist for more than four months. He claimed that, because of these delays and denial of medical care and treatment, his condition worsened to the point that surgical removal of his left testicle was required in March 1982. He also stated that although he developed a similar infection in his right testicle later in 1982, because he received prompt medication and treatment for that condition, it resolved without surgery. His complaint seeks compensatory and punitive damages based on four claims for relief: (1) violation of his civil rights under 42 U.S.C. § 1983; (2) breach of the Department of Corrections' statutory duty to provide medical care for prisoners pursuant to A.R.S. § 31–201.01(D); (3) personal injury caused by negligent medical care; and (4) violation of his eighth amendment right to be free from cruel and unusual punishment.

Defendants filed a motion for summary judgment arguing that plaintiff's claims were all barred by the applicable statutes of limitations. They also argued that plaintiff had failed to state a civil rights violation based on deliberate indifference to serious medical needs, and that plaintiff had failed to establish negligence because his treatment did not fall below the applicable standard of care. Defendants filed, in support of their motion, an affidavit by Patricia Stapler, M.D., a board-certified family practitioner employed by the Arizona State Prison, which stated, in part:

I have reviewed the medical records of Perl Zuck ADC 27748 which date back to February 1980.

. . . .

My review of Mr. Zuck's medical treatment indicates that at all times the care given Mr. Zuck met or exceeded the medical standards for the community. Mr. Zuck's surgery was required as a result of the failure of the antibiotics prescribed to cure the problem.

My review of the records indicates that at no time did the Department of Correc-

tions personnel fall below the standard of care required in this matter.

Plaintiff responded that his complaint was filed within the applicable statute of limitations, and also argued that he had stated a claim for relief under both the eighth amendment and § 1983. As to defendants' argument that his negligence claim must fail, plaintiff attacked the sufficiency of Dr. Stapler's affidavit. Defendant also filed his own affidavit in opposition, which stated in part:

[A]ffiant was prescribed some antibiotics. . . . The prison failed to provide the prescribed drug for over six weeks; although as early as July, 1981, he was recommended for urological consultation with the contract urologist, the prison delayed the consultation, the medical staff continually asking affiant "how soon do you get out?"

. . . By late August, when affiant was finally given the prescribed medication, it proved to be ineffectual; he was switched to another family of medicine; into the fall and winter, affiant did not always get from the prison staff his prescribed medicine; he had to constantly petition the department to get the prescription renewed or refilled. . . .

After considering the motions, the trial court granted summary judgment in favor of the state, in the following order:

The Defendant has made a motion for summary judgment to which the Plaintiff has responded in opposition. The court holds that the applicable statute of limitations is 12–505(C); and that the Plaintiff's claim was barred one year after the amendment to A.R.S. § 12–502 which became effective in 1984.

IT IS THEREFORE ORDERED granting summary judgment to the Defendant.

Plaintiff timely appealed from this order.

■ In reviewing summary judgment, we view the evidence in the light most favorable to the party against whom judgment was entered. *Webster v. Culbertson*, 158 Ariz. 159, 160, 761 P.2d 1063, 1064 (1988).

## STATUTE OF LIMITATIONS

 The parties agree that plaintiff's eighth amendment and § 1983 claims are subject to the two-year statute of limitations for personal injury actions, A.R.S. § 12–542(1). *See Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Gunter v. State,* 153 Ariz. 386, 736 P.2d 1198 (App.1987). Plaintiff's negligence claim is also subject to the two-year limitation in which to bring personal injury suits. A.R.S. § 12–542(1). Plaintiff's claim that the prison officials breached their duty to provide medical care pursuant to A.R.S. § 31–201.01(D), however, is one that is conferred by statute and thus is subject to the one-year statute of limitations imposed by A.R.S. § 12–541(3).

This appeal does not question the time periods of limitation; rather, the parties' dispute centers on the statutory effect of the plaintiff's imprisonment in tolling portions of the applicable limitations periods between the date of his injury in 1981 and the filing of his complaint in 1986.

In July 1981, when plaintiff's alleged injury occurred, A.R.S. § 12–502 provided as follows:

> If a person entitled to bring an action ... is at the time the cause of action accrues ... imprisoned, the period of such disability shall not be deemed a portion of the period limited for commencement of the action. Such person shall have the same time after removal of the disability which is allowed to others.

Thus, imprisonment was a statutory disability that tolled the two-year statute of limitations period for an inmate's civil rights or negligence suit. *See Smith v. MacDougall,* 139 Ariz. 22, 676 P.2d 656 (App.1983); *Marks v. Darra,* 785 F.2d 1419 (9th Cir.1986).

 Effective August 3, 1984, however, the legislature amended that statute, in pertinent part, as follows:

> B. If a person entitled to bring an action ... is at the time the cause of action accrues imprisoned, the period of such disability shall exist only until such time as the person imprisoned discovers the

right to bring the action or with the exercise of reasonable diligence should have discovered the right to bring the action, whichever occurs first, and such person shall have the same time after the disability ceases to exist which is allowed to others.

A.R.S. § 12–502(B). In other words, effective August 3, 1984, incarceration was no longer a "disability" that tolled the statute of limitations. However, because defendant was imprisoned and thus under a "disability" from the date of his injury until the amended statute took effect, the applicable limitations periods could not start to run until August 3, 1984 when the "disability" was removed. Thus, the applicable limitations periods were tolled from July 1981 until August 1984. After August 3, 1984, a prisoner had the same time others would have to bring a claim, from that date, or a later date if that was when the prisoner first reasonably discovered his or her right to bring the action. Therefore, plaintiff was obligated to file his civil rights and negligence claims within the two-year period of A.R.S. § 12–542(1) and to file his breach of statutory duty claim within the one-year period of A.R.S. § 12–541(3), from the time after the effective date of the amendment that he discovered or with reasonable diligence should have discovered his right to bring those claims. Because his civil rights and negligence claims were filed on February 3, 1986, within the applicable two years of the effective date of the amendment, they were not time barred, and the trial court erred in granting summary judgment on that basis.

 Plaintiff's remaining claim under A.R.S. § 31–201.01(D), however, having only a one-year limitations period, could have been time barred as early as August 1985 if he was aware of his right to bring the action when the amended statute took effect in August 1984. However, summary judgment on the statutory duty claim would need to be supported by a finding of his awareness; in the absence of such a finding in the present record we must remand that claim to the trial court for determination of when plaintiff discovered or

reasonably should have discovered the existence of this claim. *See Sato v. Van Denburgh,* 123 Ariz. 225, 599 P.2d 181 (1979). The applicable one-year period of A.R.S. § 12–541(3) should apply from that point to determine whether the claim was barred in February 1986 when plaintiff filed his complaint.

■ The trial court based its conclusion that plaintiff's claims were time barred after August 1985 on its application of A.R.S. § 12–505(C), which provides as follows:

> If an amendment of pre-existing law shortens the time of limitation fixed in the pre-existing law so that an action under pre-existing law would be barred when the amendment takes effect, such action may be brought within one year from the time the new law takes effect, and not afterward.

By its terms, A.R.S. § 12–505 applies *only* when a new law "shortens the time of limitation fixed in the preexisting law." *See, e.g.,* statutory cross-reference to A.R.S. § 1–250 (changing the limitation period) and *Cummings v. Rosenberg,* 12 Ariz. 327, 100 P. 810 (1909) (legislature may shorten a limitation period if it provides a reasonable time before the bar takes effect). The 1984 amendment to A.R.S. § 12–502, however, did *not* shorten the statutes of limitation set forth in A.R.S. §§ 12–541 and –542, but rather changed the effect of imprisonment as a disability that tolled those limitations periods. The amendment to § 12–502 clearly provides that prisoners "shall have the same time after removal of the disability which is allowed to others," after "removal of the disability," which, in this case, is two years on all claims except the statutory duty claim, after the effective date of the amendment in August 1984. The trial court thus erroneously applied A.R.S. § 12–505 to bar plaintiff's claims a year after the effective date of the amendment to § 12–502.

We note that the Ninth Circuit similarly misapplied A.R.S. § 12–505. *DeLuna v. Farris,* 841 F.2d 312 (9th Cir.1988). In *DeLuna,* the court interpreted Arizona law to determine whether to apply the law at the time of plaintiff's injuries (June 1983) or the law at the time his complaint was filed after the effective date of amended § 12–502(B). The court applied A.R.S. § 12–505(B) to bar plaintiff's claims, after reasoning as follows:

> The Arizona legislature amended § 12–502 on August 3, 1984, *changing the limitation period.* Arizona has provided what the result will be *if a statute has the effect of changing an existing limitation.* Under § 12–505(B), "[i]f an action is not barred by preexisting law, the time fixed in an amendment of such law shall govern the limitation of the action."

*DeLuna,* 841 F.2d at 314 (emphasis added). The court then held that the amended § 12–502(B) applied, and reasoned that because DeLuna should have realized his right to bring suit in June 1983, the date of injury, his period of imprisonment did not act as a disability, and under the two-year period of § 12–542(1), he had only until June 1985 to file his complaint. *Id.* at 315.

■ This reasoning is flawed in two respects. First, an imprisoned plaintiff, prior to August 3, 1984, was under a "disability" that tolled the limitations period. The *DeLuna* application of § 12–505 acts to remove that disability *retroactive* to the effective date of amended § 12–502. Under Arizona law, it is well established that amended statutes must be given *prospective* effect to extend periods of time within which suits can be brought on causes of action existing at the time they take effect. *Crowell v. Davenport,* 11 Ariz. 323, 94 P. 1114 (1908). The second infirmity in the application of § 12–505 to cases affected by the amendment of § 12–502(B) has already been pointed out: the statute amending the effect of imprisonment as a disability does not shorten any applicable limitations period, so § 12–505 simply does not apply. The federal court's conclusion in *DeLuna* is not binding on this court. *Smith v. MacDougall,* 139 Ariz. at 25, 676 P.2d at 659.

■ For the foregoing reasons, we hold that the trial court erroneously applied A.R.S. § 12–505(C) to conclude that plaintiff's claims were time barred. Our in-

quiry, however, does not stop there. The parties argued two additional issues in their summary judgment pleadings before the trial court. Although the court did not explicitly consider those grounds in its order, this court may affirm a grant of summary judgment on grounds raised, but not explicitly considered, below. *See Gibson v. Boyle*, 139 Ariz. 512, 679 P.2d 535 (App. 1983). We may affirm a trial court's decision if it is correct, even though rendered for the wrong reason. *Realty Assoc. v. Valley Nat. Bank*, 153 Ariz. 514, 738 P.2d 1121 (App.1986). We therefore examine the other grounds raised in defendants' motion for summary judgment.

## CIVIL RIGHTS AND NEGLIGENCE CLAIMS

Defendants argued in the trial court, and on appeal as well, that plaintiff failed to state claims for relief under the eighth amendment and § 1983 because plaintiff had not established the "deliberate indifference to serious medical needs" required for such claims.[1] *See Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Defendants contended that plaintiff had alleged a mere "difference of opinion" between himself and his treating doctors, which does not arise to a constitutional deprivation. *See Mayfield v. Craven*, 433 F.2d 873 (9th Cir.1970). We disagree.

■ Plaintiff's allegations center around the delay he experienced in receiving his prescribed medication and treatment as a result of conduct by prison officials. We have previously recognized that such allegations are sufficient to state a civil rights claim grounded in both the eighth amendment and § 1983, as well as a claim for negligence sufficient to withstand a motion for summary judgment. *See Gunter v. State*, 153 Ariz. 386, 387, 736 P.2d 1198, 1199 (App.1987). *See also Williams v. Vincent*, 508 F.2d 541 (2d Cir. 1974); *Dean v. Coughlin*, 623 F.Supp. 392 (S.D.N.Y.1985) (interference with prescribed treatment may constitute a constitutional violation that gives rise to a § 1983

claim.) We therefore reject the argument that plaintiff has failed to state a claim as a basis for affirming summary judgment.

## ADMISSION OF DR. STAPLER'S AFFIDAVIT

Defendants also argued that summary judgment was properly granted on the ground that Dr. Stapler's affidavit established that plaintiff's medical treatment did not fall below the standard of care required by the medical community, so that defendants were entitled to judgment as a matter of law. Plaintiff argued that Dr. Stapler's affidavit was insufficient to support summary judgment (1) because she never examined or treated plaintiff, (2) because her statements are inadmissible as hearsay, and (3) because her statements do not address the allegations of the complaint regarding delay in plaintiff's care. We agree with plaintiff's latter contention.

■ Dr. Stapler's affidavit in support of summary judgment, much like the one she filed in *Gunter*, does not address plaintiff's complaints that he received his prescribed medication only after extensive delays that affected the quality of his treatment. Her conclusion that plaintiff's surgery was required "as a result of the failure of the antibiotics prescribed to cure the problem" does not negate plaintiff's contention that the reason the medication failed was that it was not timely dispensed to him after being prescribed. As was said in *Gunter*, "If, indeed, she was unaware that prescribed medication was not reaching the appellant, then her affidavit does not specifically meet this contention." 153 Ariz. at 387, 736 P.2d at 1199. We have reviewed the medical record submitted by defendants in support of their motion and do not find any indication of when the prescribed medications were dispensed to plaintiff. Because plaintiff's sworn statement attests to extensive delays in receiving medication that are not apparent on the medical record Dr. Stapler reviewed, and because her sworn statement does not refute that allegation, her affidavit is not sufficient to support summary judgment.

1. The state did not argue and therefore we do not decide whether the plaintiff was entitled to

monetary damages under a count solely alleging a violation of the eighth amendment.

Plaintiff has raised claims based not on the breach of the standard of care by the doctors involved in *prescribing* the correct antibiotic, but rather based on the conduct of prison officials in delaying the *dispensing* of those prescriptions. Because Dr. Stapler's affidavit does not address those allegations, material disputed facts exist that would preclude summary judgment on plaintiff's claims of delay in treatment.

For the above reasons, the trial court's order granting summary judgment is reversed, and this case is remanded for proceedings consistent with this opinion.

EUBANK and GRANT, JJ., concur.