952 F.2d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Thomas ADAIR, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Defendant-Appellee.
 No. 91-15739.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992.*
Decided Jan. 13, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James T. Adair, an Arizona state prisoner, appeals pro se the district court's denial of his motion to reconsider the district court's dismissal of his 42 U.S.C. § 1983 action. Adair's action challenged prison officials' forfeiture of his good time credits. The district court dismissed his action as barred by the statute of limitations. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review the denial of a motion to reconsider for abuse of discretion, and we will reverse "only upon a clear showing of abuse of discretion." Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) ( quoting Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir.1985)). We construe Adair's motion as a Fed.R.Civ.P. 60(b) motion because it was filed more than ten days after entry of judgment. See Fed.R.Civ.P. 59(e) & 60(b). An appeal from a denial of a Rule 60(b) motion does not bring up the merits of the underlying judgment for review. Molloy, 878 F.2d at 315.[1]
 
 
 4
 Adair filed his complaint on August 27, 1990, alleging that his constitutional rights were violated when prison officials forfeited his good time credits following his convictions for major rules violations in 1983 and again in 1985. The district court dismissed his action as time barred under Ariz.Rev.Stat.Ann. § 12-502, which was amended in 1984 to remove imprisonment as a disability for statute of limitations purposes for civil rights actions. The district court held that under Wilson v. Garcia, 471 U.S. 261, 275 (1985), and Ariz.Rev.Stat.Ann. § 12-542, the applicable limitations period for Adair's action was two years. The district court held that the statute of limitations for the 1983 forfeiture began to run when Ariz.Rev.Stat.Ann. § 12-502 was amended in 1984, and the statute of limitations for the 1985 forfeiture began to run in 1985. Finally, because it was clear from the face of the complaint that Adair had knowledge of the forfeitures in 1983 and 1985, respectively, the district court dismissed Adair's action as time barred.
 
 
 5
 A motion for reconsideration may be brought under Rule 60(b) if the moving party can show (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Backlund v. Barhnart, 778 F.2d 1386, 1388 (9th Cir.1985). Relief under Rule 60(b)(6) requires a finding of extraordinary circumstances. Id.
 
 
 6
 Here, Adair failed to show that his case meets any of the requirements for Rule 60(b) relief. Rather, he argued that his action was not time barred because the forfeiture of his good time credits was a continuing violation and that he had only recently discovered the alleged violations.[2] These argument are meritless. The district court correctly found that Adair learned of both forfeitures shortly after they occurred and the statute of limitations had run for both forfeitures. See Wilson, 471 U.S. at 275; Zuck v. Arizona, 159 Ariz. 37, 40, 764 P.2d 772, 775 (Ariz.Ct.App.1988); Ariz.Rev.Stat.Ann. §§ 12-502, 12-542. Thus, the district court did not abuse its discretion by denying Adair's motion to reconsider. See Molloy, 878 F.2d at 315.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3
 
 
 [1]
 Adair's notice of appeal was not timely as to the underlying judgment of dismissal, and a Rule 60(b) motion does not toll the time for appeal. See Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.), cert. denied, 493 U.S. 868 (1989)
 
 
 [2]
 In his motion to reconsider, Adair also raised an argument regarding forfeiture of his parole time. This claim was not raised in his complaint. Because this is not a proper ground for a Rule 60(b) motion, the district court correctly refused to consider it. See Fed.R.Civ.P. 60(b)