39 F.3d 1187
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry GOSSAGE, Plaintiff-Appellant,
v.
Dr. OLDENKAMP, individually and in her official capacity as
Contracted Dermatologist; Richard Graybeal, individually
and in his official capacity as Health Care Manager of Twin
Rivers Correction Center, et al., Defendants-Appellees.
 No. 94-35429.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 31, 1994.
 
 Before: BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Henry Gossage, a Washington state prisoner, appeals pro se the district court's summary judgment for Dr. Susan Oldenkamp, James Spalding, James Russell, Ruben Cedeno, Janet Barbour, Dennis Thaut, Richard Graybeal and Noel Lareau ("defendants") in his 42 U.S.C. Sec. 1983 civil rights action. Gossage alleged that defendants violated his Eighth and Fourteenth Amendment rights by failing to prescribe ultra-violet ("UV") light therapy for his psoriasis skin condition. Gossage also alleged that defendants denied him such treatment because he is Asian-American.[1] We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Gossage contends that the district court erred by granting summary judgment for defendants because there was a genuine issue of material fact as to whether defendants were deliberately indifferent to his serious medical needs. This contention lacks merit.
 
 
 4
 We review de novo the district court's summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. See Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992). Once the moving party has discharged its burden by demonstrating the absence of a genuine issue of material fact, the nonmoving party must "go beyond the pleadings, and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.' " Celotex v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56(e)). Where a party fails to make a showing sufficient to establish the existence of an essential element to that party's case, summary judgment shall be granted. See id. at 322.
 
 
 5
 It is well-established that the Eighth Amendment proscribes punishments which are "incompatible with 'the evolving standards of decency that mark the progress of a maturing society,' or which 'involve the unnecessary and wanton infliction of pain.' " Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (internal citations omitted). "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment.' " Id. at 104. (citing Gregg v. Georgia, 428 U.S. 153, 173 (1976). Prison officials manifest deliberate indifference when they "deny, delay or intentionally interfere with medical treatment." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992) (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988)). Deliberate indifference may also be manifested by the way in which prison physicians respond to the prisoner's needs or provide medical care. See id.; Estelle, 429 U.S. at 104. Mere negligence, difference of opinion, or malpractice, however, are not sufficient to establish a violation of the Eighth Amendment. See id.; Estelle, 429 U.S. at 106; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir.1970). Rather, a defendant "must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." McGuckin, 974 F.2d at 1060.
 
 
 6
 In his complaint, Gossage alleged that Dr. Oldenkamp failed to prescribe UV light therapy for his skin disorder. Gossage also alleged that Dr. Oldenkamp (1) was aware that Gossage's physician, Dr. Bauer, prescribed such treatment for him prior to incarceration, (2) knew or should have known that the treatment she prescribed for him was ineffective, and (3) intentionally denied Gossage UV light therapy because she believed that he did not deserve it. Finally, Gossage alleged that various prison officials were aware that Dr. Oldenkamp was deliberately indifferent to his serious medical needs and did nothing.
 
 
 7
 In their moving papers, defendants argued that Gossage merely disagreed with Dr. Oldenkamp's professional judgment. While Gossage proffered evidence in his opposition that Gossage's physician prescribed UV light therapy for his psoriasis prior to Gossage's incarceration, this does not establish that Dr. Oldenkamp acted with deliberate indifference because she prescribed a different treatment. The parties do not dispute that the use of topical creams is a recognized form of treatment for psoriasis. Moreover, Dr. Oldenkamp's response to an interrogatory establishes that the course of treatment which she prescribed for Gossage is consistent with her treatment of other patients. Specifically, Dr. Oldenkamp stated that "[t]he patients that I have treated with Psoriasis are all treated with topical creams, steriods or tars during the course of their treatment. When that treatment does not help, I will treat the patient with ultraviolet light." Gossage produced no evidence to controvert Dr. Oldenkamp's response. Thus, Gossage's claim amounts at most to a difference of opinion over the proper treatment and as such is not actionable. See Sanchez, 891 F.2d at 242. Since Gossage has failed to demonstrate that Dr. Oldenkamp was deliberately indifferent to his serious medical needs, his claims against the other defendants also must fail. Accordingly, the district court did not err by granting summary judgment for defendants.[2] See id.; McGuckin, 974 F.2d at 1059.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Gossage's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Gossage does not raise the issue on appeal, we decline to consider it. See Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988)
 
 
 [2]
 Gossage's motion to add additional claims and parties is denied