Harold **FLEMING**, Plaintiff,

v.

Clinton **LEFEVERE**, Defendant.

No. 03–06199–PA (VBK).

United States District Court, C.D. California, Western Division.

Jan. 17, 2006.

Harold Fleming, pro se.

G. Michael German, Office of the California Attorney General, San Diego, CA, for defendant.

## ORDER (1) ACCEPTING AND ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND (2) DISMISSING THE COMPLAINT

ANDERSON, District Judge.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, Defendant's Motion for Summary Judgment and all other papers along with the attached Report and Recommendation of the United States Magistrate Judge, and has made a *de novo* determination of the Report and Recommendation.

**IT IS THEREFORE ORDERED** that a Judgment be entered (1) approving and adopting the Report and Recommendation, (2) granting Defendant's Motion for Summary Judgment and (3) directing that Judgment be entered dismissing the Complaint, and the action, with prejudice.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

KENTON, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Percy Anderson, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 01–13 of the United States District

Court for the Central District of California.

## I

### PROCEEDINGS

On September 4, 2003, Harold Fleming (hereinafter referred to as "Plaintiff") filed a "Declaration to Proceed Without Prepayment of Fees." On September 4, 2003, an Order was issued granting Plaintiff's motion to proceed without prepayment and allowing the filing of Plaintiff's Complaint. On September 9, 2003, the Court issued an Order Directing Service by the United States Marshal on Defendant Dr. Clinton LeFevere.

On December 16, 2003, Defendant Dr. LeFevere filed an Answer to the Complaint.

On May 20, 2005, Defendant Dr. LeFevere filed a "Notice of Motion for Summary Judgment;" "Defendant's Request for Judicial Notice;" "Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment;" "Declaration of Clinton Lefevere, M.D. and Exhibits in Support of Defendant's Summary Judgment" and "[Proposed] Statement of Uncontroverted Facts and Conclusions of Law in Support of Defendant's Summary Judgment Motion."

On May 23, 2005, the Court issued a Minute Order ordering Plaintiff to file an Opposition to Defendant's Motion for Summary Judgment and attaching a Notice discussing the requirements for opposing a motion for summary judgment.

On June 8, 2005, Plaintiff filed a document entitled "Motion for Order Compelling Disclosure and Discovery Pursuant to Rules 37, 26, 33 and 26(a) of the Federal Rules of Civil Procedure" and "Motion for Extension of Time Pursuant to FRAP [sic] Rule 26." On June 17, 2005, the Court granted Plaintiff an extension of time to file an Opposition to Defendant's Motion for Summary Judgment up to and including August 22, 2005.

On September 21, 2005, the Court *sua sponte* granted Plaintiff another extension of time to respond to Defendant's Motion for Summary Judgment up to and including October 21, 2005.

As of the date of this Report and Recommendation, Plaintiff has failed to file an Opposition or Statement of Non-Opposition to the Motion for Summary Judgment.

## II

### STATEMENT OF FACTS

On or about April 9, 2002, Plaintiff was seen by Defendant Dr. LeFevere, a staff psychiatrist at California Men's Colony ("CMC"), pursuant to a referral from Dr. David Araya, another CMC staff physician, for consultation for Interferon treatment for Hepatitis C. (Plaintiff's Complaint at 3 and 5 and unnumbered Exhibits ["Exs."] 1 through 3. Plaintiff failed to number the Exhibits in accordance with Local Rule 11–5.3; however, Defendant and the Court will refer to them as 1 through 5 in the order attached to the Complaint.) On April 9, 2002, Defendant Dr. LeFevere conducted a psychiatric examination of Plaintiff pursuant to Dr. Araya's referral. Based on that examination, Defendant Dr. LeFevere completed an evaluation form and dictated a report to the CMC Hepatitis C Committee. (Complaint, unnumbered Exs. 4 and 5; Dr. LeFevere's Declaration ¶ 3 and Ex. B.)

In his report, Defendant Dr. LeFevere concluded that Plaintiff had a psychiatric condition diagnosed as major depression with psychotic features. Though in partial remission due to the antidepressant medication Plaintiff was prescribed, he continued to suffer some symptoms of depression, which symptoms sometimes led to Plaintiff's failure to take his antidepressant

medication. (Plaintiff's Complaint, unnumbered Exs. 4 and 5; Dr. LeFevere's Declaration ¶ 4 and Exs. B and C.)

Since Plaintiff continued to have symptoms of depression on an adequate dose of antidepressant, Defendant Dr. LeFevere concluded that Plaintiff's depression attendant to the use of Interferon, which is sometimes but not always indicated for Hepatitis C patients like Plaintiff, would likely be too severe for Plaintiff. (Plaintiff's Complaint, unnumbered Exs. 4 and 5; Dr. Lefevere's Declaration ¶ 5 and Exs. B and C.)

On the basis of his conclusion, Defendant Dr. LeFevere reported Plaintiff to be a poor candidate for treatment with Interferon but included a caveat that since his episodes of depression on Zoloft were mild and lasted no longer than a few days at a time, they should probably not preclude treatment at some future date. (Plaintiff's Complaint, unnumbered Exs. 4 and 5; Dr. LeFevere's Declaration ¶ 6 and Exs. B and C.)

The Hepatitis C Committee recommended reconsideration of the case a later time but concurred that Interferon not be started in April 2002. Dr. LeFevere did not deny Plaintiff treatment for Hepatitis C but stated that he was a fairly poor candidate for treatment of Hepatitis C with Interferon at that time.

The Hepatitis C Committee at CMC is not Defendant Dr. LeFevere's committee, but instead a committee formed from some of the CMC physicians. Defendant Dr. LeFevere has never been a part of or presided over the Hepatitis C Committee. (Dr. LeFevere's Declaration ¶ 7.)

In April 2002, when CMC psychiatrists were assigned to consult with Hepatitis C patients, they were instructed to complete the check-off evaluation form and dictate a report to the Hepatitis C Committee. They were instructed to consider the risks of psychotic and depressive relapse on Interferon, both of which are recognized factors in prescribing the drug to patients; the strength of motivation for treatment of Hepatitis C; the inmate's history of medicine noncompliance and any factors which related to the risks of Hepatitis C reinfection. (Plaintiff's Complaint, unnumbered Exs. 4 and 5.) Defendant Dr. LeFevere complied with all of these directives in Plaintiff's case. (Dr. LeFevere's Declaration ¶ 8 and Exs. B and C.)

Plaintiff was vaccinated against Hepatitis A in April 2002 and was and remains gradually and steadily in remission from his depression as a result of the course of treatment prescribed by CMC medical staff. (Dr. LeFevere's Declaration ¶ 10 and Exs. B and C.)

### III

### *PLAINTIFF'S CAUSES OF ACTION*

Plaintiff alleges that his constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 and Article I, Section 24 of the California Constitution have been violated by Defendant Dr. LeFevere. (*See* Complaint at 5.)

### IV

### *STANDARD OF REVIEW*

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party bears the initial burden of informing the court of the basis for the motion, and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S.

317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548.

In determining whether a triable issue of material fact exists, the evidence must be considered in the light most favorable to the non-moving party. *Barlow v. Ground*, 943 F.2d 1132, 1134 (9th Cir. 1991). However, summary judgment cannot be avoided by relying solely on conclusory allegations unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). More than a "metaphysical" doubt is required to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A party opposing a properly supported motion for summary judgment "... must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 247, 106 S.Ct. 2505, citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

Finally, where the evidence conflicts, questions of credibility and motivation generally present an issue of material fact inappropriate for resolution on summary judgment. *See, Allen v. Scribner*, 812 F.2d 426, 435, 437 (9th Cir.1987), *amended on other grounds*, 828 F.2d 1445 (9th Cir. 1987); *see also Valandingham v. Bojorquez*, 866 F.2d 1135, 1139, 1140 (9th Cir. 1989) (genuine issue of material fact existed as to whether defendants committed the alleged retaliatory acts). Thus, when a plaintiff presents evidence on which the trier of fact could reasonably resolve a material factual issue in his favor, summary judgment for defendants is not appropriate. *See, Barlow v. Ground*, 943 F.2d 1132, 1136 (9th Cir.1991), *cert. denied*, 505 U.S. 1206, 112 S.Ct. 2995, 120

L.Ed.2d 872 (1992); *see also Neely v. Feinstein*, 50 F.3d 1502, 1509 (9th Cir. 1995).

## V

### *DISCUSSION*

Considering the evidence presented by the parties in the light most favorable to Plaintiff, and drawing all reasonable inferences for Plaintiff, there is no genuine issue of material fact as to whether Defendant Dr. LeFevere was deliberately indifferent to Plaintiff's medical needs.

**A. *Plaintiff Has Failed To Establish That Defendant Dr. LeFevere's Treatment And Care of plaintiff Violated The Eighth Amendment.***

█ Plaintiff claims that Dr. LeFevere was deliberately indifferent to his medical needs in that he did not prescribe Plaintiff Interferon treatment for his Hepatitis C condition. (Plaintiff's Complaint at 3.)

█ A prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); *Johnson v. Meltzer*, 134 F.3d 1393, 1398 (9th Cir.), *cert denied*, 525 U.S. 840, 119 S.Ct. 102, 142 L.Ed.2d 82 (1998). To state a deliberate indifference claim, a prisoner plaintiff must allege both that the deprivation of medical care in question was objectively serious, and that the defendant official acted with a subjectively culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The required showing of deliberate indifference is satisfied when it is established that "the official knew of and disregarded a substantial risk of serious harm to [the prisoner's] health or safety." *Johnson*, 134 F.3d at 1398 (*citing Farmer*

*v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)).

The courts have recognized that deliberate indifference to serious medical needs may be manifested in two ways: "It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care." *Hutchinson v. United States,* 838 F.2d 390, 394 (9th Cir.1988) (*citing Estelle v. Gamble,* 429 U.S. at 105, 97 S.Ct. 285). In either case, however, the indifference to the inmate's medical needs must be purposeful and substantial; negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. *Jackson v. McIntosh,* 90 F.3d 330, 331 (9th Cir.), *cert. denied,* 519 U.S. 1029, 117 S.Ct. 584, 136 L.Ed.2d 514 (1996); *Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir.1989); *Franklin v. Oregon State Welfare Div.,* 662 F.2d 1337, 1344 (9th Cir.1981).

■ A mere difference of opinion as to which medically acceptable course of treatment should be followed does not establish deliberate indifference. *Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir.1989). Thus, deliberate indifference is not shown if the defendant has based his actions on a medical judgment that either of two alternative courses of treatment would be medically acceptable under the circumstances. *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996). Where defendant doctors have chosen one course of action and a plaintiff contends that they should have chosen another course of action, the plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances, ... and the plaintiff must show that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Id.*

■ In order to prove the standard of care applicable in a medical malpractice case, expert testimony is required. *Landeros v. Flood,* 17 Cal.3d 399, 410, 131 Cal.Rptr. 69, 551 P.2d 389 (1976). Expert evidence in a malpractice suit is conclusive as to the proof of the prevailing standard of skill and learning in the locality and the propriety of the particular conduct by the health care provider in particular instances because such standards and skill are not a matter of general knowledge. *Willard v. Hagemeister,* 121 Cal.App.3d 406, 175 Cal. Rptr. 365 (1981), citing *Starr v. Mooslin,* 14 Cal.App.3d 988, 999, 92 Cal.Rptr. 583 (1971). Here, Plaintiff has failed to submit any declarations from medical experts alleging that Dr. LeFevere's treatment and care was beneath the standard of care required in the medical community.

Plaintiff's claim for allegedly inadequate medical care is based solely on his disagreement with Defendant Dr. LeFevere's medical evaluation of Plaintiff as a "fairly poor candidate for treatment of Hepatitis C with Interferon at this time." (Plaintiff's Complaint at 3, unnumbered Ex. 5.) Plaintiff fails to present any probative evidence of the appropriate course of treatment for his condition. Plaintiff's own opinion as to the appropriate course of care does not create a triable issue of fact because he has not shown that he has any medical training or expertise upon which to base such an opinion. The evidence before the Court, Dr. LeFevere's Declaration and Exhibits, suggests that Defendant's course of conduct was medically appropriate.

■ A dispute between a prisoner and prison officials over the necessity for or extent of medical treatment does not raise a claim under § 1983. *See Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir.1989); *Shields v. Kunkel,* 442 F.2d 409, 410 (9th Cir.1971); *Mayfield v. Craven,* 433 F.2d 873 (9th Cir.1970). The Ninth Circuit has applied this principle to disputes between

physicians so that a difference of medical opinion between doctors over medical treatment does not amount to deliberate indifference to serious medical needs. *Sanchez*, 891 F.2d at 242. Plaintiff has provided no competent evidence to satisfy his burden of showing that Defendant Dr. LeFevere chose a medically unacceptable course of treatment in conscious disregard of any risk to plaintiff's health. Based upon the evidence before the Court, Defendant Dr. LeFevere was not deliberately indifferent to Plaintiff's serious medical need in violation of his rights under the Eighth Amendment.

## B. *Plaintiff Has Failed To State A Fourteenth Amendment Claim.*

Plaintiff refers to the Fourteenth Amendment to the United States Constitution at p. 5 of the Complaint, but does not specify a violation of his substantive, rather than procedural, rights. After conviction, the Eighth Amendment serves as the primary source of substantive protection. *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986). In *Patel v. Penman,* 103 F.3d 868, 874 (9th Cir.1996), the Court held that where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of "substantive due process must be the guide for analyzing a [plaintiff's] claim."

■ Even analyzing the claim under the Fourteenth Amendment, Plaintiff has failed to state a claim. Plaintiff's allegation that Defendant Dr. LeFevere failed to recommend the course of treatment requested by Plaintiff, fails to state a claim. A mere difference of opinion as to which medically acceptable course of treatment should be followed does not establish deliberate indifference. *Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir.1989). As noted,

deliberate indifference is not shown if the defendant has based his actions on a medical judgment that either of two alternative courses of treatment would be medically acceptable under the circumstances. *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996). Here, Plaintiff has failed to state a violation under the Fourteenth Amendment; therefore, summary judgment should be entered in Defendant Dr. LeFevere's favor.

## C. *Assuming Arguendo That Defendant Dr. LeFevere Violated Plaintiff's Constitutional Rights, He Is Entitled To Qualified Immunity.*

■ Defendant Dr. LeFevere also asserts that he is protected by qualified immunity because he acted within the established law at the time. Defendant Dr. LeFevere contends that summary judgment on qualified immunity grounds is appropriate because he acted as a reasonable medical doctor.

■ In *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the United States Supreme Court set forth a two-step qualified immunity inquiry. In determining whether a defendant is entitled to qualified immunity, the trial court must first determine whether, "[T]aken in the light most favorable to the party asserting injury, the facts alleged show the officers' conduct violated a constitutional right." (121 S.Ct. at 2156) If the Plaintiff's factual allegations do add up to a violation of the Plaintiff's federal rights, then the court must proceed to determine whether the right "was clearly established," whether the contours of the right were delineated with sufficient clarity to make a reasonable officer in the defendant's circumstances aware that what he was doing violated the right. In essence, the first step is whether the facts alleged constitute a violation of plaintiff's right. If

they do, then at the second step, the question is whether the defendant could nonetheless have reasonably but erroneously believed that his or her conduct did not violate the plaintiff's right. *Id.* at 2158.

Here, Plaintiff alleges a violation of his Eighth and Fourteenth Amendment rights and it is clear that a prisoner has a right to adequate medical care. However, Plaintiff failed to show that Defendant Dr. LeFevere violated these rights. Plaintiff simply differed with Dr. LeFevere's assessment of his medical needs and has offered nothing to show that Defendant Dr. LeFevere's treatment was either "medically unacceptable under the circumstances" or was given "in conscious disregard of an excessive risk to Plaintiff's health." *Toguchi v. Soon Hwang Chung,* 391 F.3d 1051, 1058 (9th Cir.2004). Even if Dr. LeFevere was in any way negligent, that is not enough to cause a constitutional violation under the deliberate indifference standards discussed above.

Plaintiff has produced no competent and admissible facts, or law, showing either he had a clearly established right to Interferon or any other specific treatment in April 2002 or that Defendant Dr. LeFevere had a clearly established obligation to provide this specific medication other than what he found, in the exercise of his professional judgment, was medically indicated by Plaintiff's case factors at that time.

Plaintiff bears the burden of establishing that Defendant Dr. LeFevere violated his clearly established right. *Davis v. Scherer,* 468 U.S. 183, 197, 104 S.Ct. 3012, 3021, 82 L.Ed.2d 139 (1984). Significantly, Plaintiff cannot meet his burden simply by alleging a general right to be free from general violations of his constitutional rights. *Saucier,* 533 U.S. at 201, 121 S.Ct. 2151. Because Plaintiff cannot meet his burden to show that Defendant Dr. LeFevere violated his right to adequate medical treatment by declining to recommend him for Interferon treatment in April 2002, Defendant Dr. LeFevere is entitled to qualified immunity.

### D. Plaintiff's Claims Under The California Constitution Fail.

▮ Plaintiff has alleged two claims under Article I, Section 7[1] and Article I, Section 24[2] of the California Constitution. California courts have held that there is no equal protection cause of action based on Article I, Section 7(a) of the State Constitution. In *Gates v. Superior Court (Hirata),* 32 Cal.App.4th 481, 38 Cal.Rptr.2d 489 (1995), the Court of Appeal held that there can be no "recovery of personal injury damages as a result of a violation of the equal protection provisions of the California Constitution." *Id.* at 512, 38 Cal. Rptr.2d 489. Thus, Plaintiff cannot state a claim for relief based on the Equal Protection Clause of the California Constitution.

▮ Moreover, Plaintiff cannot state a claim under Article I, Section 24 of the California Constitution. California courts have not determined whether a plaintiff may seek damages under Section 24 of the California Constitution. In *Degrassi v. Cook,* 29 Cal.4th 333, 127 Cal.Rptr.2d 508, 58 P.3d 360 (2002), the California Supreme Court examined whether an individual could bring an action for money damages on the basis of an alleged violation of a

---

1. Article I, Section 7(a) of the California Constitution provides in part: "A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the law . . . "

2. Article I, Section 24 of the California Constitution provides in part: "Rights guaranteed by this Constitution are not dependent on those guaranteed by the United States Constitution . . . This Declaration of Rights may not be construed to impair or deny others retained by the people."

provision of the California Constitution, in the absence of a statutory provision or an established common law tort authorizing such a damage remedy for the constitutional violation. The California Supreme Court held that an action for damages was not available. Thus, summary judgment should be entered in favor of Defendant Dr. LeFevere on Plaintiff's claims of violation of the California Constitution.

## RECOMMENDATION

IT THEREFORE IS RECOMMENDED that the District Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) granting Defendant's Motion for Summary Judgment and (3) directing that Judgment be entered dismissing this action with prejudice.

Nov. 22, 2005.

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to timely file Objections as provided in the Local Rules Governing the Duties of the Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.