**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN KELLY REYNOLDS,

        Plaintiff-Appellant,

  v.

STATE OF WASHINGTON
DEPARTMENT OF CORRECTIONS; et
al.,

        Defendants-Appellees.

No.   16-35776

D.C. No. 3:16-cv-05126-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted May 17, 2018
Seattle, Washington

Before:  BERZON and HURWITZ, Circuit Judges, and DEARIE,[**] District Judge.

John Reynolds, a Washington state prisoner, contends that medical personnel

of the Washington Department of Corrections ("DOC") are liable under 42 U.S.C.

§ 1983 and state tort law for failing to diagnose and treat his chronic back pain.  The

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The Honorable Raymond J. Dearie, United States District Judge for the Eastern District of New York, sitting by designation.

district court, adopting a magistrate judge's recommendation, granted the defendants' motion for summary judgment. We have jurisdiction over Reynolds' appeal under 28 U.S.C. § 1291 and affirm.

1. The district court correctly concluded that Reynolds had failed to proffer evidence creating a genuine issue of material fact as to whether DOC personnel were deliberately indifferent to his medical needs. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Reynolds was regularly seen by medical personnel, received various tests (including an x-ray diagnosed as normal), was prescribed pain medication, and was counseled to "continue with conservative management" of his condition after his chart was reviewed by a physician. Reynolds argues that he should instead have been referred to a neurologist and received an MRI, but provided no evidence that such a course of action could have given rise to a more favorable result. *See Mayfield v. Craven*, 433 F.2d 873, 874 (9th Cir. 1970) (per curiam) (holding that "a difference of opinion between a prisoner patient and prison medical authorities as to what treatment is proper and necessary does not give rise to" a § 1983 claim).

2. The district court did not err in granting summary judgment on Reynolds' medical negligence claim, because Reynolds failed to proffer any supporting expert testimony. *See Guile v. Ballard Cmty. Hosp.*, 851 P.2d 689, 693 (Wash. Ct. App. 1993) ("In a medical malpractice case, expert testimony is generally required to

2

establish the standard of care and to prove causation.").

**AFFIRMED**.