NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JAVIER RAMON PORTILLO-DIAZ, *Petitioner/Appellant*,

*v.*

DAVID C. SHINN; CENTURION MEDICAL, *Respondents/Appellees*.

No. 1 CA-CV 21-0551
FILED 6-7-2022

Appeal from the Superior Court in Maricopa County
No. LC2021-000164-001
The Honorable Danielle J. Viola, Judge

**AFFIRMED**

APPEARANCES

Javier Ramon Portillo-Diaz, Florence
*Petitioner/Appellant*

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the court, in which
Presiding Judge Cynthia J. Bailey and Chief Judge Kent E. Cattani joined.

**W I L L I A M S**, Judge:

¶1        Javier Ramon Portillo-Diaz appeals from the superior court's order declining special action jurisdiction. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        Portillo-Diaz is an inmate at the Arizona Department of Corrections ("ADC"). In June 2021, he filed a petition for special action in the superior court seeking relief against ADC Director David C. Shinn and Centurion Medical ("Centurion") claiming he was medically "misdiagnosed." More specifically, Portillo-Diaz requested that the superior court order ADC to have another cardiologist evaluate him because he disagreed with Centurion's medical diagnoses. In the alternative, Portillo-Diaz asked the court to order his release from ADC so he could obtain treatment on his own or to schedule an order to show cause hearing to address whether his medical issues were being properly treated.

¶3        In August 2021, the superior court issued a minute entry declining to exercise special action jurisdiction because "[c]laims for inadequate medical care while in custody can be addressed in a conventional civil lawsuit" under 42 U.S.C. § 1983.

¶4        Portillo-Diaz timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶5        The superior court has original jurisdiction to issue extraordinary writs against state officers. Ariz. Const. art. 6, § 18; *see also Ariz. Corp. Comm'n v. Superior Court*, 107 Ariz. 24, 26 (1971). Relief by extraordinary writ is available only through special action, and the court's decision to accept jurisdiction is highly discretionary. *Forty-Seventh Legislature. v. Napolitano*, 213 Ariz. 482, 485, ¶¶ 10-11 (2006). Such jurisdiction is reserved for "extraordinary circumstances." *State ex rel. Romley v. Fields*, 201 Ariz. 321, 323, ¶ 4 (App. 2001).

¶6        Because the superior court declined jurisdiction, our review is limited to assessing whether the court abused its discretion in doing so. *See Bilagody v. Thorneycroft*, 125 Ariz. 88, 92 (App. 1979); *Stapert v. Ariz. Bd. Of Psych. Exam'rs*, 210 Ariz. 177, 182, ¶ 22 (App. 2005). A court abuses its discretion when the record does not contain substantial support for its decision. *Files v. Bernal*, 200 Ariz. 64, 65, ¶ 2 (App. 2001).

¶7 Portillo-Diaz argues the court erred in declining special action jurisdiction because a claim under § 1983 "is never plain, simple nor speedy for a prisoner." Though it may not necessarily be "simple," the superior court was correct that claims for inadequate medical care while in custody can be addressed in a conventional civil lawsuit, including under § 1983. *See Zuck v. State*, 159 Ariz. 37, 42 (App. 1988) (noting that an inmate alleging delay in receiving medication and treatment could pursue a conventional civil claim under § 1983); *Gunter v. State*, 153 Ariz. 386, 387 (App. 1987) ("Deliberate indifference to a prisoner's serious medical needs may . . . give[] rise to a cause of action under . . . § 1983."). And despite Portillo-Diaz's contention that a § 1983 claim is not speedy because such a claim is time consuming and his condition is "dire," "[a] remedy does not become inadequate merely because more time would transpire by pursuing a conventional action." *Neary v. Frantz*, 141 Ariz. 171, 177 (App. 1984). Finally, based upon our review of the medical records Portillo-Diaz provided to the superior court, we cannot say the court abused its discretion in concluding Portillo-Diaz had an adequate remedy otherwise available to him under 42 U.S.C. § 1983. On this record, Portillo-Diaz has shown no error.

**CONCLUSION**

¶8 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA