927 F.2d 476
 Tracy Ray VAUGHAN, et al., Plaintiffs,
and
Paul Eppinger; Ray Fell Chatman; Frank Kozelou; John
Malone; Raymond L. Clevidence; Gary W. Bernard;
Felipe Trevino; Stephen A. Boyes;
Charles W. Shepherd,
Plaintiffs-Appellants,
v.
Alfred GRIJALVA, Warden, Arizona State Prison; James D.
Ricketts, Director, Arizona Department of
Corrections, et al., Defendants-Appellees.
 Nos. 89-16170, 89-16171.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 17, 1990.
Decided March 1, 1991.
 
 Mary E. Berkheiser, Meyer, Hendricks, Victor, Osborn & Maledon, Phoenix, Ariz., for plaintiffs-appellants.
 Thomas Prose, Asst. Atty. Gen., Phoenix, Ariz., for defendants-appellees.
 Appeal from the United States District Court for the District of Arizona.
 Before CHOY, WIGGINS and LEAVY, Circuit Judges.
 LEAVY, Circuit Judge:
 
 
 1
 Nine Arizona state prisoners appeal from the district court's dismissal of their 42 U.S.C. Sec. 1983 complaints for failure to state a claim against Arizona prison officials. The district court dismissed the complaints under Fed.R.Civ.P. 12(b)(6) on the ground that the applicable statute of limitation period had run. We reverse and remand.
 
 FACTS AND PROCEEDINGS
 
 2
 Appellants Paul Eppinger, Ray Fell Chatman, Frank Kozelou, John Malone, Raymond L. Clevidence, Gary Bernard, Felipe Trevino, Stephen A. Boyes, and Charles W. Shepard ("Appellants") were inmates in the Arizona State Prison at Florence in March 1984. Appellants variously allege that on March 15 and March 22, 1984, they were subjected to forced digital rectal cavity examinations by prison guards and officials. Specifically, appellants allege that they were removed from their cells and strip-searched by prison guards in full riot gear; taken in handcuffs to a hallway in the cellblock where somewhere between twenty-five to thirty prison guards and officials were congregated; informed by prison officials that they were to undergo a body cavity search and that if they refused to submit, that they would be forced to do so; and then, after objecting to the searches, pushed face down onto a table, undressed from their waist to their knees, and forcibly subjected to a digital rectal cavity probe in full view of the congregated guards as well as other inmates. Appellants also maintain that several guards made lewd and obscene comments during these examinations, and that at least one guard videotaped the episodes.
 
 
 3
 Appellants individually filed pro se complaints alleging violation of their civil rights and seeking damages and injunctive relief.[1] The complaints were consolidated with those of several other inmates at the Arizona State Prison in Florence alleging identical section 1983 violations. The defendant prison officials and employees moved to dismiss the complaints of the nine appellants based on Arizona's two-year statute of limitation. The district court granted the motion, ruling that the statute of limitation barred recovery. Appellants timely appeal.
 
 STANDARD OF REVIEW
 
 4
 We review a dismissal for failure to state a claim de novo. Woodrum v. Woodward County, 866 F.2d 1121, 1124 (9th Cir.1989). In such a case, we must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987). When a motion to dismiss is based on the running of a statute of limitation period, dismissal can be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir.1980).
 
 DISCUSSION
 
 5
 Congress did not establish a specific statute of limitation governing section 1983 actions, a void commonplace in federal statutory law. Board of Regents v. Tomanio, 446 U.S. 478, 483, 100 S.Ct. 1790, 1794, 64 L.Ed.2d 440 (1980). When such a void is present, federal courts have "borrowed" the state law of limitations governing analogous causes of action. Id. The appropriate state statute of limitation for section 1983 actions is that for personal injury cases. Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985). The closely related questions of tolling and application also are governed by state law. Id. at 268, 105 S.Ct. at 1942.
 
 
 6
 The limitation period for personal injuries in Arizona is two years. Ariz.Rev.Stat. Sec. 12-542 (1990).[2] The tolling of the running of this limitation period is provided for under certain conditions. At the time appellants' claims arose in March 1984, imprisonment was a statutory disability that automatically tolled the two-year limitation period until the prisoner's release. Id. Sec. 12-502. This section was amended by the Arizona Legislature effective August 3, 1984, changing the status of imprisonment from an automatic disability to a conditional one. Amended section 12-502 provides in pertinent part:
 
 
 7
 If a person entitled to bring an action ... is at the time the cause of action accrues imprisoned, the period of such disability shall exist only until such time as the person imprisoned discovers the right to bring the action or with the exercise of reasonable diligence should have discovered the right to bring the action, whichever occurs first, and such person shall have the same time after the disability ceases to exist which is allowed to others.
 
 
 8
 Id. Sec. 12-502(B) (emphasis added). Hence, a prisoner's claim was automatically tolled until August 3, 1984 under the terms of the repealed statute; afterwards, "a prisoner had the same time others would have to bring a claim, from that date, or at a later date if that was when the prisoner first reasonably discovered his or her right to bring the action." Zuck v. State, 159 Ariz. 37, 764 P.2d 772, 775 (App.1988).[3]
 
 
 9
 The district court dismissed appellants' complaints for failure to state a claim on the ground that Arizona's two-year limitation period for personal injuries had run. A statute of limitation defense may be raised by a motion to dismiss if the running of the limitation period is apparent on the face of the complaint. Jablon, 614 F.2d at 682. The district court found this to be the case, reasoning that since appellants' complaints were filed more than two years after the incidents giving rise to their causes of action, as well as more than two years after the effective date of the amended statute, the statute of limitation barred recovery on their claims. Although recognizing that none of the complaints contained outright declarations of when appellants learned of their rights to bring the actions, the district court found that appellants must have been "instantaneously aware" of the alleged constitutional violations because they were committed in their presence. As such, the district court ruled that the limitation period had not been tolled.
 
 
 10
 As a preliminary matter, we reverse the dismissal of appellant Paul Eppinger's complaint. The district court dismissed Eppinger's claim upon relying on defendants' erroneous assertion that Eppinger had filed his complaint on September 15, 1986, more than two years after the effective date of the amended statute. In fact, this was the date that Eppinger's amended complaint was filed. Eppinger's original complaint was filed on August 1, 1986. Because this date is less than two years from before the effective date of the amended statute, Eppinger's complaint was timely.[4]
 
 
 11
 As to the eight other complaints, appellants contend that the district court misconstrued amended section 12-502(B). Appellants argue that the district court mistakenly relied upon a finding of when their causes of action accrued rather than a determination of when they knew or reasonably should have known of their rights to bring their actions. Appellants maintain that the amended statute requires a factual finding of when they knew or reasonably should have known of their rights to bring their actions.
 
 
 12
 We agree. The district court granted the defendants' motion to dismiss for failure to state a claim upon reasoning that because the wrongful acts complained of were committed in appellants' presence, "[appellants] must have been instantaneously aware of the alleged constitutional violations." This finding erroneously looks to the discovery or accrual of appellants' causes of action rather than when they knew or reasonably should have known of their rights to bring the actions. The two issues are different. The question of when appellants knew or reasonably should have known of their rights to bring these actions is governed by state law. Wilson, 471 U.S. at 268, 105 S.Ct. at 1942. In contrast, the point at which appellants' causes of action accrued is governed by federal law. Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir.1986), cert. denied, 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987). Under federal law, a cause of action generally accrues when a party knows or has reason to know of the injury which is the basis of the action. Alexopulos v. San Francisco Unified School Dist., 817 F.2d 551, 555 (9th Cir.1987); Cline v. Brusett, 661 F.2d 108, 110 (9th Cir.1981). As such, appellants' causes of action clearly did accrue on the date of their injuries. This determination, however, speaks nothing to the question of when the appellants knew or reasonably should have known of their rights to bring these actions. Knowledge of the right to bring an action could conceivably arise at the same time as accrual of the action, but just as well could arise one month later, one year later, or more. Hence, we cannot agree with the district court's analysis that appellants necessarily knew or reasonably should have known of their rights to bring these actions at the time of injury simply because the alleged wrongful acts were committed in their presence.
 
 
 13
 Because our review is de novo, however, dismissal of appellants' claims on the statute of limitation ground may still be appropriate if we can otherwise determine as a matter of law the dates upon which appellants knew or reasonably should have known of their rights to bring these actions, and if such dates are at least two years prior to the filing of the individual complaints. We can make such a determination "only if it is obvious on the face of the complaint that the claim is time-barred." Jablon, 614 F.2d at 682.
 
 
 14
 Appellants contend that our consideration of this issue should be controlled by Zuck v. State, the only reported Arizona case interpreting amended section 12-502(B), in which the Arizona Court of Appeals held that a determination of when a prisoner knew or reasonably should have known of his right to bring an action must be supported by evidence in the record. We agree. "Where an intermediate appellate court has decided an issue of state law, that decision 'is not to be disregarded by a federal court unless it is convinced ... that the highest court of the state would decide otherwise.' " Tenneco West, Inc. v. Marathon Oil Co., 756 F.2d 769, 771 (9th Cir.) (quoting West v. A.T. & T. Co., 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940), cert. denied, 474 U.S. 845, 106 S.Ct. 134, 88 L.Ed.2d 111 (1985)). As is set forth below, we have no reason to question the court of appeals' analysis.
 
 
 15
 In Zuck, an Arizona state prisoner filed suit alleging negligence, breach of duty, and civil rights violations based on inadequate medical treatment. Although Zuck was injured in July 1981, he did not file his complaint until February 1986. The court of appeals held that Zuck's civil rights and negligence claims were timely because they were filed within two years of the effective date of the amended statute. Zuck, 764 P.2d at 775. Zuck's remaining breach of duty claim, however, was governed by a one-year limitation period and could have been barred as early as August 1985 if it could be determined that Zuck knew of his right to bring the action when the amended statute took effect in August 1984. The court of appeals held that it could not make this finding, concluding that:
 
 
 16
 summary judgment on the statutory duty claim would need to be supported by a finding of [Zuck's] awareness; in the absence of such a finding in the present record we must remand that claim to the trial court for determination of when [Zuck] discovered or reasonably should have discovered the existence of this claim.
 
 
 17
 Id. at 775-76 (emphasis added). In other words, the court of appeals held that evidence in the record is necessary to a finding that a prisoner knew or reasonably should have known of this right to bring an action. We believe that this conclusion is wholly consistent with the plain meaning of amended section 12-502(B). In the absence of any persuasive evidence that the Arizona Supreme Court would decide this issue differently, we choose to follow the Zuck analysis. Miller v. Fairchild Indus., 797 F.2d 727, 735 (9th Cir.1986).
 
 
 18
 Hence, we must determine upon the face of appellants' complaints when they either knew of their rights to bring these actions or when they reasonably should have known of their rights to bring these actions. In the absence of any such evidence, we must remand appellants' claims to the district court.
 
 
 19
 We find nothing on the face of appellants' complaints indicating when they knew of their rights to bring these actions. As the district court noted, "the nine [appellants'] complaints at issue here lack outright declarations about when they discovered their right to bring their actions...." Similarly, we find nothing on the face of appellants' complaints indicating when they reasonably should have known of their rights to bring these actions. The State's contention that appellants reasonably should have known of their rights to bring these actions at an earlier date in light of the fact that nearly sixty-five other inmates had timely filed identical section 1983 complaints is meritless. The existence of these other complaints do not appear on the face of appellants' complaints. Moreover, these other inmate complaints were filed between April 16, 1984, and August 3, 1986. Hence, even if we were to consider the existence of these other complaints, it does not necessarily follow that appellants were put on notice of their rights at least two years prior to the filing of their individual complaints. These complaints would only tend to show that appellants reasonably should have known of their rights to bring an action on some date prior to August 3, 1986. Read with the required liberality, it would be impossible for us to determine on the face of appellants' complaints the specific date upon which they reasonably were put on notice of their rights to bring these actions.
 
 
 20
 Accordingly, we are unable to determine as a matter of law that appellants knew or reasonably should have known of their rights to bring these actions at least two years prior to the filing of their individual complaints. Hence, we reverse the dismissal of appellants' complaints and remand the actions for further proceedings.
 
 
 21
 REVERSED AND REMANDED.
 
 
 
 [1]
 Appellants filed their complaints on the following dates:
 Paul Eppinger August 1, 1986
Ray Fell Chatman August 26, 1986
Frank Kozelou October 23, 1986
John Malone May 27, 1987
Raymond L. Clevidence June 10, 1987
Gary Bernard June 12, 1987
Stephen A. Boyes August 27, 1987
Felipe Trevino December 31, 1987
Charles Shepard May 26, 1988
 
 
 [2]
 Section 12-542 provides in pertinent part:
 [T]here shall be commenced and prosecuted within two years after the cause of action accrues, and not afterwards, the following actions:
 
 
 [1]
 For injuries done to the person of another
 Id.
 
 
 [3]
 In so holding, the Arizona Court of Appeals determined that amended section 12-502(B) did not apply retroactively, thereby rejecting our contrary interpretation set forth in DeLuna v. Farris, 841 F.2d 312 (9th Cir.1988). In DeLuna, we had considered a situation in which a plaintiff had been injured in June 1983, well before the effective date of the amendment to section 12-502, but had filed his section 1983 claim after the amendment date. The question was whether to apply the automatic toll applicable at the time the cause of action arose or the amended statute applicable at the time of filing. We held that because the amended statute served to change the limitation period for actions arising from personal injury, Arizona law dictated that it was to govern the limitation of the action. Id. at 314. Therefore, we retroactively applied amended section 12-502(B) to DeLuna's action. The Arizona Court of Appeals rejected this reasoning on two grounds. First, the court held that under well-established Arizona law, amended statutes were only to be given prospective effect. Zuck, 764 P.2d at 776. Second, the court found that amended section 12-502(B) did not change or shorten the limitation period, but rather changed the effect of imprisonment as a disability that tolled the limitation period. As such, the court held that amended section 12-502(B) was not meant to be applied retroactively under Arizona law. Id
 
 
 [4]
 Although this issue was not raised before the district court, we consider it for the first time on appeal because the issue is purely legal in nature and does not necessitate additional development of the record. Animal Protection Inst. v. Hodel, 860 F.2d 920, 927 (9th Cir.1988)