972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fred Q. PENSEL, Plaintiff-Appellant,
v.
Richard BRYAN, et al., Defendants-Appellees.
 No. 91-16009.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.
Decided Aug. 14, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fred Q. Pensel, a former Nevada state prisoner, appeals the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 civil rights action. We review de novo, Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.1989), and we affirm.
 
 
 3
 In his complaint, Pensel alleged that on April 27, 1975, he suffered an ankle injury in a work-related accident while in prison.[1] Pensel was released from prison on April 25, 1985. His complaint further alleges that for the ten year period of his incarceration following this injury, defendant prison officials and employees refused at various times to provide him with necessary medical treatment, and thus they were deliberately indifferent to his serious medical needs in violation of the eighth amendment.
 
 
 4
 The parties agree that the applicable statute of limitations period is two years. The original complaint in this action was filed on April 24, 1987. Thus, unless the two-year limitation period is tolled, only causes of action which accrued on April 24 and 25, 1985, Pensel's last two days in state prison, are timely.
 
 
 5
 * Pensel contends the district court erred by failing to toll the statute of limitations under the continuing wrong doctrine. This contention is without merit.
 
 
 6
 Federal law determines when a cause of action accrues. Vaughan v. Grijalva, 927 F.2d 476, 480 (9th Cir.1991). A cause of action accrues when the plaintiff knows or has reason to know of the injury resulting from an act. Id.
 
 
 7
 Here, Pensel's cause of action accrued at the time he was allegedly denied medical treatment. See id. Thus, each alleged denial of necessary medical care, to the extent it can be distinguished from the initial denial of care, constituted a separate cause of action, and the two-year statute of limitations began to run when such a denial of care occurred. Cf. Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987) (in civil rights action alleging conspiracy, separate cause of action runs from each overt act alleged to have damaged plaintiff). Accordingly, the district court correctly determined that any alleged denial of medical care which occurred before April 24, 1985, is time barred.
 
 II
 
 8
 Pensel also argues that the district court erred by finding that there existed no material facts for trial. This contention lacks merit.
 
 
 9
 The only allegation of deliberate indifference occurring within the statute of limitations time period is that on April 24, 1985, Pensel asked defendant Slansky when he would receive treatment for his ankle. Slansky responded that the warden would "look into it." Pensel was released from prison the following day. These facts are insufficient to sustain a claim of deliberate indifference. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) ("mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").
 
 
 10
 Accordingly, the district court properly granted summary judgment because there was no genuine issue of material fact and the defendants were entitled to judgment as a matter of law. See Harper, 877 F.2d at 731.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 There appears to be some confusion in the supporting documentation regarding the actual date of the injury. In his affidavit in opposition to the motion for summary judgment, Pensel states that the injury occurred in 1974. Most other documentation refers to 1975 as the year of the injury