29 F.3d 634
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frederick A. QUIHUIS, Plaintiff/Appellant,
v.
General Donald OWENS, et al., Defendant/Appellees.
 No. 93-17299.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 22, 1994.
 
 Before: FARRIS, KOZINSKI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiff Frederick A. Quihuis appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 and state tort law claims arising out of the Arizona National Guard's failure to renew his enlistment contract and his dismissal from his employment with the Arizona Department of Emergency and Military Affairs. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 BACKGROUND
 
 3
 Quihuis was employed for 12 years by the Arizona Department of Emergency and Military Affairs as a security guard at the Papago Military Installation. His employment with DEMA was contingent on his maintaining his status as a guardsman in the Arizona National Guard. As of 1990, Quihuis had served in the Arizona National Guard for 18 years.
 
 
 4
 On February 7, 1990, the Arizona National Guard informed Quihuis that it would not renew his enlistment contract because he had failed to satisfy the Guard's weight regulations. As a result of the Guard's failure to renew Quihuis' enlistment contract, he was dismissed from his employment with DEMA on March 7, 1990.
 
 
 5
 Quihuis filed a complaint against the Arizona National Guard and DEMA on November 23, 1992. He alleged that he had been discriminated against, that his due process rights were violated and that he had been wrongfully discharged. The district court dismissed the original complaint on June 21, 1993, but granted Quihuis leave to file an amended complaint against individual defendants involved in his dismissal under 42 U.S.C. Sec. 1983. On August 4, 1993, Quihuis filed the amended complaint. The complaint was dismissed on statute of limitation grounds on November 5, 1993. Quihuis appeals the district court's dismissal.
 
 DISCUSSION
 
 6
 We review de novo the district court's dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). All allegations of material fact are taken as true and construed in a light most favorable to the appellant. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). A complaint should not be dismissed unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id. When a motion to dismiss is based on the running of a statute of limitation period, dismissal can be granted "only if the assertions of the complaint ... would not permit the plaintiff to prove that the statute was tolled." Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir.1980). We construe "inartful pleading" by a pro se litigant liberally. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir.1987).
 
 
 7
 Construed liberally, Quihuis' notice of appeal and opening brief indicate that he is appealing the district court's dismissal, on statute of limitation grounds, of his Sec. 1983 and state law claims against the individual defendants. Congress did not establish a specific statute of limitation for Sec. 1983 actions. When a federal statute contains no limitation period, federal courts borrow the state statute of limitation governing analogous actions. Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir.1991). The appropriate state statute of limitation for Sec. 1983 actions is that for personal injury cases. Id. In Arizona, the limitation period for personal injury actions is two years. See A.R.S. Sec. 12-542.
 
 
 8
 One June 21, 1993, the district court granted Quihuis leave to file an amended complaint, which he filed on August 4, 1993. Under Federal Rule of Civil Procedure 15(c), the allegations in his amended complaint relate back to the date on which he filed his original complaint, November 23, 1992. Quihuis was dismissed from the Arizona National Guard in February 1990 and from his employment with DEMA in March 1990. Each dismissal occurred more than two years before Quihuis filed his original complaint. They are therefore barred by the two year limitation period.
 
 
 9
 Quihuis argues that his action should not be time barred because the district court granted him 45 days in which to amend his complaint to state his Sec. 1983 claim against the individual defendants. Quihuis' amended complaint was filed within that 45 day period. The district court did not purport to extend the two year limitation period when it allowed Quihuis to amend his complaint. Moreover, Quihuis did not detrimentally rely on the district court's order because even if his initial complaint had contained the Sec. 1983 claim, it would have been time barred.
 
 
 10
 Quihuis' complaint also contains a pendent state law wrongful termination claim. That claim is also barred by the two year statute of limitation. See Felton v. Unisource Corp., 940 F.2d 503 (9th Cir.1991) (upholding district court's finding that two year limitation period in A.R.S. Sec. 12-542 applies to wrongful termination claims).
 
 
 11
 The record indicates that Quihuis has filed an application seeking relief from the Army Board for Correction of Military Records. Our decision today is in no way intended to preclude Quihuis from obtaining any administrative relief to which he may be entitled.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Quihuis' motion to hear oral argument is denied. Quihuis' motion to file a late reply brief is granted. The panel has considered the arguments set forth in the reply brief
 
 
 **
 This disposition is not appropriate for publication and may note be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3