82 F.3d 422
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rick Alton FOLEY, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Director; Stan W. Czerniak, Warden; T.
Murphy; T. Badgett, Assistant Deputy Warden; Major Terri;
J. Coontz; Captain Cluff; Capt. Simpson; Lt. McDonald;
Lt. Godlevsky; Lt. Lagates; Sgt. Erbert; Sgt. Woods;
Sgt. Stewart; Sgt. Turner; CSO Procela; CSO Roody; CSO
Curran; CSO Clark; CSO Myres; CSO Huaseman; CSO Roberts;
John I-8 Does; Mrs. Wright; Mr. Wright; Mr. Ramirz; Mr.
Ramirz, Younger; Beaver, Officer, CPO Montano; CPO Haro;
CPO Andra; CPO Burrow; CPO Dahlke; Merritt I & II; T.
Stewart, Deputy Director, ADOC; Keeney, Asst. Director,
ADOC; Mayes, Acting Asst. Director, ADOC; M.A. Wilson,
CCS, II at ADOC, Central Phoeniz; Warden Upchurch,
ASPC-Florence; Bradway, ADOC Florence; Aventi, ADOC
Central Unit Warden; Warden Whitley, ADOC Central Unit
Warden; Lt. Schitter; Sgt. Ford; Sgt. Schmier; Sgt.
Miller; Sgt. Loop; Sgt. Shorwke; Sgt. Hundley; CSO
Nance; CSO Stacy; CSO Meadows; CSO Faughiv; CSO Bowers;
CSO Wilson; CSO Vaughn; CPO Zimmerman; CPO Wiechmann;
CPO Crnzano; CPO Dahlke; CSO Cormier; Mark Raymon Klein;
Jacky Davis; Rick Alton Foley, intervenor; Richard Lewis
Jones, intervenor; Chester Player, intervenor; John Donald
Womack, intervenor; and Lynn Roberts, CSO II, Defendants-Appellees.
 No. 95-15988.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 4, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rick Alton Foley, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging retaliation by prison officials for writing to local newspapers concerning alleged misconduct by prison officials. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.
 
 
 3
 Foley contends that the district court erred by concluding that many of his claims were barred by the one-year statute of limitation found in Ariz.Rev.Stat. § 12-821. This contention has merit.
 
 
 4
 "The appropriate state statute of limitation for section 1983 actions is that for personal injury cases." Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir.1991) (citing Wilson v. Garcia, 471 U.S. 261, 276 (1985)). We have applied Arizona's two-year statute of limitation for personal injury actions to section 1983 claims. See id. (citing Ariz.Rev.Stat. § 12-542 (1990)); cf. Vega v. Morris, 905 P.2d 535, 537 (Ariz.Ct.App.1995) (applying two-year statute of limitations to prisoner tort action against prison officials), aff'd, 1996 WL 26945 (Ariz.1996).
 
 
 5
 In addition, Ariz.Rev.Stat. § 12-502(B) tolls the statute of limitation for prisoners "until such time as the person imprisoned discovers the right to bring the action or with the exercise of reasonable diligence should have discovered the right to bring the action...." See Vaughan, 927 F.2d at 479; Vega v. Morris, 1996 WL 26945 * 2 (Ariz. Jan. 25, 1996). Where we are unable to determine from the record when the prisoner discovered, or should have discovered, the right to bring a cause of action, we remand for appropriate factual finding by the district court. See Vaughan, 927 F.2d at 481.
 
 
 6
 Here, Foley filed his lawsuit on February 8, 1994. Accordingly, the claims raised in paragraphs 18-77 of Foley's second amended complaint were brought within the statute of limitations. Because we cannot determine from the present record when the acts contained in paragraphs 7-17 of the second amended complaint occurred, or when Foley discovered, or should have discovered, he had a right to bring a cause of action with respect to this conduct, we remand with instructions for the district court to make the appropriate factual findings to determine if these claims were brought within the statute of limitations. See Vaughan, 927 F.2d at 481.
 
 
 7
 Foley also contends that the district court erred by dismissing his claims that he lost his prison job and housing assignment as retaliation for writing to a local newspaper concerning misconduct by prison officials. This contention has merit.
 
 
 8
 Here, the district court concluded that Foley had no constitutionally-protected interest in a prison job or housing assignment. Because Foley alleges that prison officials removed him from his prison job and his housing assignment in retaliation for exercising his First Amendment rights, he "need not establish an independent constitutional interest in" his job or housing assignment. See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995); Rizzo v. Dawson, 778 F.2d 527, 531-33 (9th Cir.1985). Insofar as the district court dismissed these claims because Foley's allegations were too conclusory and vague to establish a claim of retaliation, the district court erred by not providing Foley with notice of the deficiencies of his complaint and an opportunity to amend prior to dismissal. See McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir.1992); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 9
 Finally, Foley contends that the district court erred when it dismissed some of his claims because he had not alleged that defendants personally participated in the violation of his constitutional rights. This contention has merit.
 
 
 10
 Although the district court was correct that a supervisor cannot be held liable for constitutional violations absent personal participation, Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989), the district court erred by dismissing Foley's claims before providing Foley with notice of the deficiency of these claims and allowing him an opportunity to amend to allege facts showing personal participation. See McGuckin, 974 F.2d at 1055.
 
 
 11
 Because we reverse the district court's dismissal of Foley's action and remand with instructions to provide notice of the complaint's deficiencies and an opportunity to amend, we do not address Foley's claim that the district court should have granted his motion to file a third amended complaint.
 
 REVERSED and REMANDED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellees filed a motion to strike documents submitted by Foley on appeal which were not part of the record before the district court. Because we have not considered these documents in analyzing this appeal, we deny appellee's motion as moot