79 F.3d 1155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Vincent ZANKICH, Plaintiff-Appellant,
v.
PHOENIX CARDIOLOGISTS, P.C.; Sherman Minkoff, MD,
individually and in his official capacity as
Physician-Stockholder of Phoenix Cardiologists, P.C.; Ira
B. Ehrlich, MD, individually and in his official capacity as
Physician-Stockholder of Phoenix Cardiologists, P.C.; John
W. Fitzgerald, MD, individually and in his official capacity
as Physician-Stockholder of Phoenix Cardiologists, P.C.;
Neal A. Klein, MD, individually and in his official capacity
as Physician-Stockholder of Phoenix Cardiologists, P.C.,
Defendants-Appellees.
 No. 94-16692.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 18, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James V. Zankich, an Arizona state prisoner, appeals pro se the district court's dismissal of his medical malpractice action as time-barred. Zankich contends that defendants Phoenix Cardiologists and individual doctors (collectively "Phoenix") breached their duty of reasonable care when they failed to diagnose and treat Zankich for Chronic Lymphocytic Leukemia ("CLL"). We have jurisdiction over Zankich's diversity action pursuant to 28 U.S.C. § 1291, and we vacate and remand for further proceedings.
 
 
 3
 We review de novo the district court's dismissal for failure to state a claim. Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir.1991). Dismissal on statute of limitation grounds can be granted only if the assertions of the complaint, read liberally, would not permit the plaintiff to prove that the statute was tolled. Id.
 
 
 4
 Zankich alleged in his complaint that Phoenix failed to accurately diagnose his medical condition during a medical examination in February 1987. After Zankich's incarceration in 1991, he was treated for internal bleeding and doctors diagnosed him as in the advanced stages of CLL. Zankich claims that despite his diagnosis on July 18, 1991, he did not discover his right to bring a medical malpractice action against Phoenix until March 18, 1993, when he received additional information about his disease and learned that CLL is often discovered during routine medical examinations. Zankich filed his complaint in district court on March 16, 1994.
 
 
 5
 Zankich contends that the district court erred by finding that the running of the statute of limitations was not tolled until he discovered the legal right to bring a malpractice action. This contention has merit.
 
 
 6
 The statute of limitations period for medical malpractice claims in Arizona is two years after the cause of action accrues. Ariz.Rev.Stat.Ann. § 12-542 (1992). The limitations period is tolled for prisoners, however, until the prisoner "discovers the right to bring the action or with the exercise of reasonable diligence should have discovered the right to bring the action." Ariz.Rev.Stat.Ann. § 12-502(B) (1992).
 
 
 7
 In Vaughan, we held that pursuant to section 12-502(B), the statute of limitations is tolled until the prisoner discovers or reasonably should have discovered the legal right to bring his action. Vaughan, 927 F.2d at 481. Two years later, Division Two of the Arizona Court of Appeals rejected Vaughan 's interpretation of section 12-502(B) and held that the limitations period is tolled only until the discovery of the facts which give rise to a cause of action, not to the legal significance of those facts. Jimenez v. Lewis, 862 P.2d 906, 906-07 (Ariz.App.Div. 2, 1993).
 
 
 8
 The district court found that in spite of Vaughan, and absent convincing evidence that the Arizona Supreme Court would rule differently, it was bound by the interpretation of section 12-502(B) in Jimenez. Subsequent to the district court's opinion in this case, however, the Arizona Supreme Court overruled Jimenez and held that the limitations period is tolled until the inmate discovers or reasonably should have discovered the legal right to bring the action, not the conduct creating the cause of action. Vega v. Morris, 910 P.2d 6, 8-9 (Ariz., Jan. 25, 1996) (en banc).
 
 
 9
 Because the assertions of Zankich's complaint could permit Zankich to prove that the limitations period was tolled, we vacate and remand for further proceedings. See Vaughan, 927 F.2d at 478.[1]
 
 
 10
 The parties shall bear their own costs on appeal.
 
 VACATED AND REMANDED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Zankich does not contest the district court's dismissal of his cause of action against Dr. Joseph Ehrlich, we decline to consider the issue
 Zankich contends on appeal that the district court erred by denying his motion for appointment of counsel. The district court may appoint counsel to aid an indigent plaintiff pursuant to section 1915(d) upon a showing of exceptional circumstances. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991). Because Zankich failed to offer evidence of exceptional circumstances, the district court's denial of Zankich's motion for appointment of counsel was not an abuse of discretion. See Terrell, 935 F.2d at 1017.