83 F.3d 427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 William E. HUTCHINGS VON LUDWITZ, Plaintiff-Appellant,
v.
STATE OF ARIZONA; Unknown Officers of Pima County Arizona
Child Services Division; Jack Williams, Governor, Arizona,
1974, in his individual capacity, his heirs, survivors and
successor in office; Raul Castro, Arizona Governor,
1975--1977, in his individual capacity, his heirs,
survivors, and his successor in office; Wesly Bolin,
Arizona Governor, 1977-1978, in his individual capacity, his
heirs, survivors, and his heirs, survivors, and his
successor in office, Defendants-Appellees.
 
 No. 95-15329.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 26, 1996.
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William E. Hutchings von Ludwitz appeals pro se the district court 28 U.S.C. § 1915(d) dismissal of his civil rights action against Arizona state officials. Hutchings von Ludwitz contends that the district court erred in holding that the statute of limitations barred his claim that Arizona state officials violated his constitutional rights by depriving him of his custody of his child. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We adopt the well reasoned district court February 8, 1995 order. Particularly, we find that Hutchings von Ludwitz's argument that the statute of limitation for his action should have started to run when the State of Oregon restored his child's original name is meritless. See Vaughan v. Grijalva, 927 F.2d 476, 481 (9th Cir.1991) (statute of limitation starts to run when claimants knew of their rights to bring actions or reasonably should have known of their right to bring actions); Griffin v. Pacific Maritime Ass'n, 478 F.2d 1118, 1120 (9th Cir.) (per curiam) (statute of limitation starts to run from date when perceivable effects of alleged wrong were substantial), cert. denied, 414 U.S. 859 (1973).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3