134 F.3d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Antonio R. CARRILLO, an individual, and Janet E. Carrillo,
an individual, Plaintiffs-Appellants,
v.
STATE of Arizona, Dept. of Economic Security, Division of
Children and Family Services, Administration for Children,
Youth and Families; Child Protective Services; Mary Ault,
individually and as Director of the State of Arizona
Division of Children and Family Services, Child Protective
Services; Flora Sotomayer, individually and as Acting
Program Administrator for Child Protective Services;
Francisco Aguirre, individually and as managing case
supervisor for Child Protective Services; Juan Coss,
individually and as managing case supervisor for Child
Protective Services; Robert Cox, individually and as social
case worker for Child Protective Services; John Higgins,
individually and as social case worker for Child Protective
Services; and Kay Butera, individually and as social case
worker for Child Protective Services; Defendants-Appellees.
 No. 96-15814.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1997.
Jan. 9, 1998.
 
 1
 Before: WIGGINS and KLEINFELD, Circuit Judges, and WILSON, District Judge.**
 
 
 2
 MEMORANDUM*
 
 OVERVIEW
 
 3
 Antonio R. Carrillo and Janet E. Carrillo (collectively the "Carrillos") appeal the district court's grant of summary judgment in favor of the Department of Economic Services ("DES"), Child Protective Services ("CPS"), and certain CPS employees. The Carrillos allege that Appellees violated 42 U.S.C. § 1983 and the Adoption Assistance and Child Welfare Act by severing their parental rights with respect to their two minor children. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 4
 I. Adoption Assistance and Child Welfare Act
 
 
 5
 Section 101(a) (1) of the Adoption Assistance and Child Welfare Act of 1980 ("AACWA") provides that "in each case, reasonable efforts will be made (A) prior to the placement of a child in foster care, to prevent or eliminate the need for removal of the child from his home, and (B) to make it possible for the child to return to his home." 42 U.S.C. § 671(a)(15) (Supp.1997). The Supreme Court, in Suter v. Artist M., 503 U.S. 347, 358-64 (1992), held that a failure to make such reasonable efforts gives rise to neither a private right of action, nor an action pursuant to § 1983. Accordingly, the district court did not err in granting summary judgment in favor of all Appellees with respect to the Carrillos' private claim under the AACWA and their § 1983 claim for violation of the AACWA.
 
 II. Due Process Claims Under § 1983
 A. Injunctive Relief
 
 6
 The Carrillos ask, inter alia, that the severances of their parental rights be vacated and that their children be returned to them. The Carrillos, however, had the opportunity and the right to challenge the findings made at the severance hearing, but they waived that right by failing to appeal the severance orders. See Juv. Ct. R. Proc. 25(a) (providing for a 15-day period within which one may file an appeal from juvenile court); Arizona Department of Economic Services v. Don, 799 P.2d 27 (Ct.App.Ariz.1990). The injunctive relief that the Carrillos seek is not available through a § 1983 lawsuit against Appellees. Accordingly, the district court did not err in granting summary judgment in favor of all Appellees with respect to the Carrillos' prayer for injunctive relief.
 
 B. Monetary Damages
 1. Eleventh Amendment
 
 7
 The Eleventh Amendment bars the Carrillos' § 1983 claim against Child Protective Services and the Department of Economic Services, as they are state agencies of Arizona. Alabama v. Pugh, 438 U.S. 781 (1978). Similarly, the Eleventh Amendment prevents the Carrillos from suing state officials in their official capacities for retroactive monetary damages. See Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir.1991). Therefore, the district court did not err in granting summary judgment in favor of CPS, DES, and the individual Appellees in their official capacities.
 
 2. Statute of Limitations
 
 8
 Furthermore, the Carrillos' lawsuit is barred as to all Appellees by the statute of limitations. In Arizona, the statute of limitations for a § 1983 cause of action is two years. Ariz.Rev.Stat. § 12-542 (1990); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir.1991). The limitations period accrues when a party "knows or has reason to know of the injury." Golden Gate Hotel Ass'n v. City and County of San Francisco, 18 F.3d 1482, 1486 (9th Cir.1994). The Carrillos filed their complaint on August 2, 1995, more than two years after their causes of action accrued.
 
 
 9
 Mrs. Carrillo and her appointed counsel were present at a September 28, 1992 severance hearing, at which-the judge scheduled the December 7 and 8 hearing to contest the severance. Rather than attend that hearing, Mrs. Carrillo kidnaped her children from school and fled to Texas. Mrs. Carrillo knew that her parental rights could be severed at the hearing. Thus, her § 1983 claim accrued on December 8, 1992, or at the latest, on December 31, 1992, the date that the court issued findings of facts, conclusions of law, and an order terminating Mrs. Carrillo's parental rights.
 
 
 10
 Mrs. Carrillo argues that the statute of limitations did not begin to accrue until her children were taken from her in February of 1994. She claims that a CPS worker, Ms. Butera, disclosed to her the address of the foster home and the school in which her children were enrolled, and told her that if she took the children back to Texas, there would be no severance. Thus, Mrs. Carrillo contends that she had no reason to know that her parental rights were severed until her children were taken from her in February of 1994. However, the record does not contain a declaration from Mrs. Carrillo or any other admissible evidence that Ms. Butera made these statements. See Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir.1986) (holding that district court did not have obligation to inform non-prisoner pro se litigants of their need to file affidavits in support of their opposition to summary judgment). Therefore, Mrs. Carrillo has not created a genuine issue of fact that she did not know or have reason to know of the severance of her parental rights on December 8, 1992, or at the latest, on December 31, 1992, when the court issued findings of facts, conclusions of law, and an order terminating her parental rights.
 
 
 11
 With respect to Mr. Carrillo, he claims that he was not served with notice of the July 27, 1992 severance hearing. However, on May 15, 1992, Appellees filed proof of personal service with the Arizona Attorney General. Service of process can be impeached only by clear and convincing evidence. General Electric Capital Corp. v. Osterkamp, 836 P.2d 404, 407 (Ariz.Ct.App.1992). The only admissible evidence offered by Mr. Carrillo is a statement in his March 4, 1996 declaration that he had returned to Texas in March of 1992 due to medical reasons. No reasonable jury could conclude that this statement alone constitutes clear and convincing evidence that Mr. Carrillo was not served with the notice of the hearing. Mr. Carrillo offers no proof that he actually returned to Texas, such as medical records substantiating his claim that he traveled to Texas for medical reasons. Moreover, even if he did travel to Texas in March, he offers no evidence that he remained in Texas through May 9, the day he was served according to the proof of service.
 
 
 12
 Mr. Carrillo also asserts in his brief that he spoke to Ms. Butera in November of 1992, that she made no mention of the fact that Mr. Carrillo's parental rights had been severed, and that she told him that everything was going fine. However, the record does not contain any admissible evidence that this conversation ever took place. See Jacobsen, 790 F.2d at 1364-65. Therefore, Mr. Carrillo has not created a genuine issue of fact that he did not know or have reason to know of the severance of his parental rights on July 27, 1992, or at the latest, on February 8, 1993, when the court issued findings of facts, conclusions of law, and an order terminating his parental rights.
 
 
 13
 The Carrillos further argue that under the continuing violations doctrine, their cause of action did not accrue until February of 1994, the time when their children were taken from them in Texas. "A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." Ward v. Caulk, 650 F.2d 1144, 1147 (9th Cir.1981). The unlawful acts that the Carrillos allege are the severances of their parental rights. The act of removing the children was not unlawful; the children were taken because the Carrillos kidnaped them after their parental rights had been severed. The removal of their children was merely an ill effect of the alleged unlawful acts. Thus, the continuing violations doctrine is inapplicable.
 
 
 14
 Finally, the Carrillos contend that the statute of limitations was tolled under Arizona law because (1) they were incarcerated for kidnaping from April of 1994 to August of 1995; and (2) Mrs. Carrillo is of unsound mind. When a federal court borrow's a state's limitations period, it should also borrow its tolling rules, unless those rules are inconsistent with the policies of § 1983. Board of Regents v. Tomanio, 446 U.S. 478, 485 (1980).
 
 
 15
 Section 12-502(B) of the Arizona code provides, in pertinent part:
 
 
 16
 If a person entitled to bring an action ... is at the time the cause of action accrues imprisoned, the period of such disability shall exist only until such time as the person imprisoned discovers the right to bring the action or with the exercise of reasonable diligence should have discovered the right to bring the action, whichever occurs first....
 
 
 17
 Ariz.Rev.Stat. § 12-502(B) (emphasis added). Although this statute may toll the statute of limitations in some § 1983 cases, see Vaughan, 927 F.2d at 479-80, the statute is of no help to the Carrillos. Because Mr. and Mrs. Carrillo knew or had reason to know that their parental rights were severed on July 27, 1992 and December 8, 1992, respectively, they were not imprisoned "at the time the cause of action accrue[d]." Thus, the statute does not apply to these facts.
 
 
 18
 Mrs. Carrillo also argues that her mental condition should have tolled the statute of limitations. Section 12-502(A) of the Arizona code provides, in pertinent part:
 
 
 19
 If a person entitled to bring an action ... is at the time the cause of action accrues either under eighteen years of age or of unsound mind, the period of such disability shall not be deemed a portion of the period limited for commencement of the action.
 
 
 20
 Ariz.Rev.Stat. § 12-502(A). "The focus of the unsound mind inquiry is on a plaintiff's ability to manage his or her ordinary daily affairs" and "to perform the basic functions of human existence." "It does not focus on the plaintiff's ability to pursue the subject matter of the litigation at issue." Florez v. Sargeant, 917 P.2d 250, 254, 256 (Ariz.1996). Mrs. Carrillo contends that she was diagnosed as schizophrenic. However, she offers no admissible evidence in support of her contention. Even assuming that she was so diagnosed, the record lacks any evidence that Mrs. Carrillo was unable to manage her ordinary daily affairs or to perform the basic functions of human existence at the time the statute of limitations accrued. There is no declaration from Mrs. Carrillo, nor is there any evidence regarding the nature of Mrs. Carrillo's alleged mental illness. See id. at 254 ("[S]imply attaching the post-traumatic stress disorder label to a person's symptoms is insufficient to satisfy the ... definition of unsound mind.").
 
 
 21
 Accordingly, the district court did not err granting summary judgment in favor of all Appellees.
 
 
 22
 AFFIRMED.
 
 
 
 **
 The Honorable Stephen V. Wilson, United States District Court for the Central District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3