141 F.3d 1178
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul RUSSELL, Plaintiff-Appellant,
v.
Shoshone County; Dan Schierman, Sheriff; Terry Spore,
Physician Assistant; Bill Seaton, Commissioner; Sherry
Krulitz, Commissioner; Jack King, Commissioner; John Does,
1--10; Jane Does, 1--10, unknown officers, each in their
individual and official capacities, Defendants-Appellees.
 No. 97-35537.
D.C. No. CV-96-00070-BLW.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted Mar. 10, 1998**.
Decided Mar. 17, 1998.
 
 Appeal from the United States District Court for the District of Idaho B. Lynn Winmill, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Paul Russell, an Idaho state prisoner, appeals pro se the district court's summary judgment for defendants dismissing his 42 U .S.C. § 1983 action on statute of limitations grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review de novo the district court's grant of summary judgment, see Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir.1997), and we affirm.
 
 
 3
 When determining the timeliness of § 1983 actions, federal courts borrow state statutes of limitations and all applicable tolling provisions found in state law. See Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir.1991). Thus, the relevant statute of limitations for Russell's cause of action is two years, see Hallstrom v. City of Garden City, 991 F.2d 1473, 1476 (9th Cir.1992), and this limitation period is tolled for any time Russell was "insane" if this condition existed prior to the accrual of his cause of action, see Idaho Code §§ 5-230 & 5-235.
 
 
 4
 Upon our review of the record, we conclude that Russell failed to establish the existence of a genuine issue as to the duration of his period of disability. Accordingly, the district court properly granted summary judgment on statute of limitations grounds. See Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.1989).
 
 
 5
 We reject Russell's remaining contentions as meritless.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We reject defendants' argument that this appeal is untimely. See Fed. R.App. P. 4(a)(4) & (c); Fed.R.Civ.P. 6(a)