Pauline K. MILLS, Plaintiff–Appellant,

v.

Jamie ANDERSON; Mark H. Broadhead; Cindy Brown; Charles Dreiling; Cheryl Hug–English; Trudy A. Larsen; Kenneth T. Maehara; J.R. May; Stephen C. McFarland; James Richter; University and Community College System of Nevada; Kathleen Wagner; Kenneth Hunter, Defendants–Appellees.

No. 05–17286.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2007.

Filed Dec. 12, 2007.

Jeffrey A. Dickerson, Esq., Reno, NV, for Plaintiff–Appellant.

Thomas J. Ray, Esq., Reno, NV, for Defendants–Appellees.

Before: BEEZER, TROTT, and GRABER, Circuit Judges.

MEMORANDUM *

Pauline K. Mills ("Mills") brought suit for damages arising out of her medical leave/suspension from the University of Nevada School of Medicine ("UNSOM"). The district court granted defendants' motion to dismiss.

We review de novo a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *ASW v. Oregon*, 424 F.3d 970, 974 (9th Cir.2005). The review is based on the contents of the complaint, the allegations of which we accept as true and construe in the light most favorable to the plaintiff. *Knox v. Davis*, 260 F.3d 1009, 1012 (9th Cir.2001). Claims in a complaint may not be dismissed as untimely on a 12(b)(6) motion unless it is certain on the face of the complaint that the claim is time-barred. *Vaughan v. Grijalva*, 927 F.2d 476, 480 (9th Cir.1991).

Generally, "a statute of limitations period is triggered by the decision constituting the discriminatory act and not by the consequences of that act." *McCoy v. San Francisco*, 14 F.3d 28, 30 (9th Cir.1994) (citing *Del. State Coll. v. Ricks*, 449 U.S. 250, 257–58, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980)). "[A] cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." *Hoesterey v. City of Cathedral City*, 945 F.2d 317, 319 (9th Cir.1991) (internal quotation marks omitted).

Here, the September 2002 letters put Mills on notice and started the statute of limitations clock for all claims rooted in the September 2002 decision to put Mills on leave and probation. As a result, any claim based solely on the September 2002 decision is time-barred. *See Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000).

Discrete acts, however, have their own accrual date and thus start a new clock for filing charges. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Mills' complaint identifies discrete acts that happened after the September 2002 decision. In addition, Mills' complaint does not specify when other acts giving rise to her claims occurred. Because it is not "obvious on the face of the complaint that the claim[s][are] time-barred," the district court improperly dismissed each of Mills' claims. *See Vaughan*, 927 F.2d at 480. As a result, all eight claims pleaded in Mills' complaint must be remanded to the district court. If the district court finds that Mills first knew or had reason to know, after February 1, 2003, about at least one discrete act giving rise to any one of the claims in her complaint, then that claim is not time-barred.

REVERSED and REMANDED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.