**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESSE DUPRIS, a married man and JEREMY REED, a married man,<br><br>          Plaintiffs - Appellants,<br><br>  v.<br><br>SELANHONGVA MCDONALD, in his individual capacity as special agent in charge with the United States Department of the Interior, Bureau of Indian Affairs; et al.,<br><br>          Defendants - Appellees. | No. 12-15243<br><br>D.C. Nos. 3:08-cv-08132-PGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, Senior District Judge, Presiding

Argued and Submitted December 3, 2013
San Francisco, California

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.


In 2006, Jesse Dupris and Jeremy Reed (the "Plaintiffs") were arrested on

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

tribal charges for assaults they did not commit. In 2008, they commenced this action against the members of the federal Task Force that arrested them and the United States under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671-2680. The district court granted summary judgment for the defendants and Plaintiffs have appealed. We affirm, concluding that: (1) the Plaintiffs' claims against two members of the Task Force are barred by the applicable statute of limitations; (2) the remaining individual defendants were entitled to qualified immunity; and (3) the United States is immune from liability under the FTCA pursuant to the discretionary function exception.[1]

**1.** In this *Bivens* action the applicable statute of limitations is Arizona's two-year statue of limitations for personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 266 (1985); *Vaughan v. Grijalva*, 927 F.2d 476, 478 (9th Cir. 1991). However, federal law governs when a cause of action accrues and under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 379 (9th Cir. 1998); *see also Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

---

[1]    Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

Plaintiffs did not allege any claims against agents McCoy and Youngman until they filed a fourth amended complaint in October 2010.  The district court determined that Plaintiffs claims arose when the charges against them were dismissed in February and April 2007.  McCoy was the Incident Commander of the Task Force and Youngman was the Assistant Incident Commander.   The district court's determination that Plaintiffs knew of McCoy and Youngman's involvement when their claims arose, or should have known of their involvement, is supported by the record.  Accordingly, the district court's dismissal of Plaintiffs' claims against McCoy and Youngman is affirmed.

**2.**  A grant of summary judgment and the dismissal for failure to state a claim are reviewed de novo.  *See Johnson v. Buckley*, 356 F.3d 1067, 1071 (9th Cir. 2004); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).  The grant of qualified immunity is also reviewed de novo.  *Conner v. Heiman*, 672 F.3d 1126, 1130 (9th Cir. 2012); *Act Up!/Portland v. Bailey*, 988 F.2d 868, 871 (9th Cir. 1993).

The initial issue raised by Plaintiffs is whether the officers had probable cause for their arrests.  We have reiterated that "[t]he test for whether probable cause exists is whether 'at the moment of arrest the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably

3

trustworthy information were sufficient to warrant a prudent [person] in believing that the petitioner had committed or was committing an offense.'" *Blankenhorn v. City of Orange*, 485 F.3d 463, 471 (9th Cir. 2007) (quoting *United States v. Jensen*, 425 F.3d 698, 704 (9th Cir. 2005)). At the time of the arrests, the Task Force had identifications by witnesses, corroborating circumstantial evidence, and authorization from the tribal prosecutor for the arrest. Nonetheless, Plaintiffs advance non-frivolous arguments that the information supporting their arrests was not trustworthy.

We need not decide this issue. In determining whether an officer is entitled to qualified immunity, we apply a two-step analysis: (1) has the plaintiff made out a violation of a constitutional right; and (2) was that right clearly established at the time of the officer's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Here the right not to be arrested without probable cause was clearly established, but Plaintiffs have not shown that the members of the Task Force knew or should have known that they lacked probable cause when Plaintiffs were arrested.

Unlike the situations presented by the cases relied upon by Plaintiffs where the arrests were made without a warrant*, see Jenkins v. City of New York*, 478 F.3d 76, 82 n.1 (2nd Cir. 2007) and *Grant v. City of Long Beach*, 315 F.3d 1081, 1085

4

(9th Cir. 2002), in this case the arrests were made pursuant to authorization by the tribal prosecutor.

In *Malley v. Briggs*, 475 U.S. 335, 341 (1986), the Supreme Court explained that qualified immunity has evolved to provide "ample protection to all but the plainly incompetent or those who knowingly violate the law."  "Defendants will not be immune if, on an objective basis, it is obvious that no reasonably competent officer would have concluded that a warrant should issue; but if officers of reasonable competence could disagree on this issue, immunity should be recognized." *Id*.

In *Messerschmidt v. Millender*, 132 S. Ct. 1235, 1245 (2012), the Supreme Court noted that "the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner."  In *Armstrong v. Asselin*, 734 F.3d 984, 991 (9th Cir. 2013), applying *Millender*, we noted that presentation to a superior officer, a prosecutor or a judicial officer demonstrates that any error on the part of the officer was not obvious.[2]

---

[2]     We commented:

The question in this case is not whether the magistrate erred in believing there was sufficient probable cause to support the scope of the warrant he issued.  It is instead whether the magistrate so obviously erred that any reasonable officer would have recognized the error.  The occasions on which this standard will be met may be rare, but so too are the circumstances in which it will be appropriate to

5

Here, the Task Force sought and obtained the authority of the tribal prosecutor to arrest the Plaintiffs. The prosecutor has maintained that she independently determined that there was probable cause for their arrest. Although the tribal prosecutor is not the "neutral magistrate" mentioned in *Millender*, on the facts of this case, we determine that assuming that there was not probable cause to arrest Plaintiffs, nonetheless the tribal prosecutor's independent authorization of the arrests was sufficient to allow the members of the Task Force to proceed with the arrests in good faith. Accordingly, the grant of summary judgment in favor of the individual defendants is affirmed.

**3.** Pursuant to 28 U.S. C. § 2680(a), the United States has not waived its sovereign immunity for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function." In applying this standard, a court determines first whether the challenged conduct involves an element of choice or judgment or violated a mandatory regulation or policy, and second "whether [the] judgment is the kind that the discretionary function exception was designed to shield." *Berkovitz v. United States*, 486 U.S. 531, 536 (1988).

We have held that where an agent is allowed to exercise discretion, "it must

---

impose personal liability on a lay officer in the face of judicial approval of his actions.

734 F.3d at 991.

6

be presumed that the agent's acts are grounded in policy." *Alfrey v. United States*, 276 F.3d 557, 562 (9th Cir. 2002). We have further noted that investigations by federal officers include the type of policy judgments protected by the discretionary function test. *See Alfrey*, 566 F.3d at 566; *Sabow v. United States,* 93 F.3d 1445, 1453 (9th Cir. 1996). We conclude on this record that the Task Force's determinations of whom to arrest and when to arrest them came within the discretionary function exception. Accordingly, the grant of summary judgment in favor of the United States is affirmed.

Because we conclude that Plaintiffs claims against McCoy and Youngman were barred by the applicable statute of limitations, the remaining members of the Task Force were properly granted qualified immunity, and the United States was immune from liability under the FTCA's discretionary function exception, we need not, and do not, reach the other issues raised on appeal by the parties. The district court's orders (1) dismissing defendants McCoy and Youngman; and (2) granting summary judgment in favor of the remaining defendants are **AFFIRMED**.